# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET R. BRANTLEY, <br>     2601 Holly Drive <br>     Fort Washington, MD 20744 <br>     Prince George's County <br><br>          Plaintiff, <br><br> v. <br><br> DIRK KEMPTHORNE, SECRETARY, <br> U.S. DEPARTMENT OF THE INTERIOR, <br>     1849 C Street, NW <br>     Washington, DC 20240 <br><br>          Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

### NATURE OF ACTION

This is an action by Plaintiff, Margaret Brantley (hereafter "Brantley" or "Plaintiff") to redress actions taken by Defendant, the U.S. Department of the Interior, (hereafter "Interior Department" or "Defendant") based on discrimination, pursuant to Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. 2000(e), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621.  Plaintiff brings this action to correct unlawful employment practices in which she was subjected to harassment, a hostile work environment and discriminated due to her race, color, sex, age and reprisal for engaging in protected EEO activity.

## JURISDICTION

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 USCA §2000(e)-(2)(a)(d), 2000e-3(a), 2000e-5 et seq. and 29 USCA 1331, which prohibits harassment, a hostile work environment and discrimination based on race, color, sex and reprisal. Furthermore, this action arises pursuant to the ADEA, 29 USCA 621 et seq., which prohibits discrimination based on age. The court has jurisdiction to award declaratory relief, all compensatory damages sought by Plaintiff in this case, and all reasonable attorney's fees and costs pursuant to 42 USCA 2000e-5(g)(k), 29 USCA 626(b)(c)(1)(2), and 28 USCA 1346(b)(1).

## VENUE

2. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims occurred within and the Defendant is situated in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. All of the necessary administrative prerequisites for filing the above referenced claims have been met, as Plaintiff timely filed an informal complaint, filed a formal Complaint of Discrimination and requested a hearing through the Equal Employment Opportunity Commission in Washington, DC.

4. Plaintiff was involved in numerous EEO complaints against Defendant since 1989[1]. In the case at bar, Plaintiff filed the first complaint of discrimination on July 2, 2003. Plaintiff

---

[1] There have been at least three other prior EEO complaints.

then amended that Complaint on August 25, 2003 and February 5, 2004, alleging other incidents of discrimination.

5. On February 24, 2005, the Court issued a Notice of Intent to Issue a Decision Without a Hearing. The formal complaint was amended in February and April, 2005 and the Judge ordered that a supplemental report be prepared based on the amendments. On or about December 12, 2005, Plaintiff received the Judge's second Notice of Intent to Issue Decision without a Hearing.

6. On February 6, 2006 the Administrative Judge issued an order that dismissed Plaintiff's EEOC Case No. 100-2004-00917x. The final agency decision was issued on March 24, 2006 and received by Plaintiff on March 27, 2006.

7. Plaintiff timely files this civil action lawsuit in the appropriate United States District Court within the 90-day statutory period from the receipt of the final order.

#### PLAINTIFF

8. Plaintiff, Margaret Brantley, residing in the State of Maryland, was a resident of Fort Washington, Maryland during all relevant times to this action.

#### DEFENDANT

9. At all times relevant to this case, Defendant, director Dirk Kempthorne and the U.S. Department of the Interior, has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

10. Defendant maintained offices in the District of Columbia during all relevant times.

**FACTUAL BASIS OF COMPLAINT**

12. Plaintiff, Margaret R. Brantley, is a black, African-American, female over the age of 40 and has engaged in prior protected EEO activity.

13. Between 1989 and 2005, Plaintiff has been denied a promotion while other similarly situated employees who worked for the Assistant Secretary's office (ASO) were at a higher graded level.

14. In or about 1990, Plaintiff brought an EEO complaint against Defendant and her former supervisors, Mr. Richard Steele and Mr. Albert Camacho, for third party sexual harassment. As part of a settlement agreement, Plaintiff was promoted to the GS-11 level in November, 1988, and mentored by Ms. Nancy Davis, GS-12, to be an Administrative Officer at the GS-12 level for Mr. Philip Haymond, Plaintiff's first line Supervisor.

15. At all times relevant to this case, Plaintiff remained at a GS-11 level and has never subsequently received a promotion.

16. From 1987 to 1990, Plaintiff worked in the Library of the Department of the Interior as an Administrative Specialist GS–9/11.

17. From 1989-1995, Plaintiff worked in the Office of the Assistant Secretary-Policy Management Budget, as an Administrative Specialist for different individuals.

18. When Plaintiff began working for Mr. Camacho, director of Acquisition and Property Management, she requested a promotion to the GS-12 level because she was performing the same duties that Ms. Davis, a similarly situated employee outside the Plaintiff's protected class, was performing for her supervisor.

19. Plaintiff was told that because she was no longer working for the Director's office but rather for a Division Chief, she could not be promoted to the GS-12 level.

20. In or about 1990, Plaintiff was assigned to the Graphics office. When she asked for a promotion, she was again told that because she was in a Division she could not be promoted.

21. Between 1989 and 2005, Plaintiff was eligible for the GS-12 position from the Office of Personnel Management and other similarly situated employees outside of her protected class were promoted to the GS-12 level and higher.

22. In 1995, Plaintiff was transferred back to the Director's office under the Assistant Secretary for Indian Affairs and was supervised by the Secretary's Office and the Assistant Secretary, Ms. Richardson. All other Administrative Officers who worked as Assistant Secretaries were at the GS-12 or 13 levels and thereafter were promoted to the GS-13 and 14 levels.

23. Plaintiff remained at the GS-11 level, despite her requests for a promotion after she was back in the Director's Office.

24. Other Directors's administrative personnel outside of Plaintiff's protected class were working at the GS-12 level and performed the same job duties as Plaintiff.

25. In or about 2000, the Agency switched the LAN computer system from the Office of Secretary network to the BIA, (Bureau if Indian Affairs) network.

26. Most of Plaintiff's contacts and assignments came from the Office of the Secretary, which required her to use the Interior Department network to complete her work.

27. Plaintiff requested computer access from her various supervisors: Mr. Jerry Fiely, Mr. James McDivitt, Ms. Dianne Murth, and Mr. Woody Hopper, but all declined to assist her.

28. Plaintiff's computer did not have connectivity outside the internal Bureau network, though she needed access to a computer connected to the main Interior Department network for contracting.

29. In 2002, dumb terminal internet hookups were installed into the Human Resources office which allowed access to the Internet.

30. Plaintiff was unable to use the dumb terminal hookups because her supervisors would not allow her to have the software needed to be placed on the dumb terminal.

31. In 2001, Plaintiff's was removed from her office in the Main building and forced into an office in the G Street Building.

32. Plaintiff's office was taken away; she was not given proper work facilities, and was made to walk three blocks, each way, between offices in order to perform her duties.

33. Prior to the move, Plaintiff was told by her supervisor, Jerry Fiely, that she would not be moved because she was working for the Assistant Secretary and needed to be in the Main building to perform her duties successfully.

34. The move caused Plaintiff to have to walk everyday back and forth between the Main building and the G Street Offices in order to do her job.

35. Plaintiff told Mr. McDivitt, her first line supervisor, about the hardship, but he did nothing about it until the building lease on G Street terminated.

36. When Plaintiff was forcibly moved to G Street, she was given inadequate work facilities and she was not given the computer access she needed to do her job which further contributed to her need to have to walk three blocks several times a day between the Main building and the G Street Office.

37. Plaintiff was denied a promotion on or about February 11, 2005 when the agency failed to post a job posting and then after eventually posting the job, cancelled the vacancy announcement for which Plaintiff was qualified.

38. At or around the end of 2004, Mr. Christenson was approached by Debbie Clark who asked if he would be interested in having Plaintiff work in his office.

39. Mr. Christenson needed help from someone in an administrative position, and wanted Plaintiff to fill that position.

40. After Ms. Brantley began working for Mr. Christenson, he encouraged her to apply for the position.

41. Mr. Christenson asked Ms. Clark to advertise the position, but it was not announced.

42. Several months later, in or about late 2004-early 2005, Debbie Clark posted the administrative officer job in the Office of the Budget.

43. Plaintiff applied for that administrative position.

44. Eventually, on or about February 11, 2005, Ms. Clark cancelled the vacancy announcement for the administrative position.

45. On or about January 12, 2005, Defendant asked Plaintiff to pack up her office supplies in spite of known previous back injuries, which caused a re-aggravation of her back condition.

46. In January 2005, Plaintiff was at home on leave and under a doctor's care because of a back injury.

47. Plaintiff was called at home by Defendant and was told that Plaintiff was being removed from her office and Plaintiff needed to come in to pack up her belongings.

48. Plaintiff stated that she was unable to come in due to her injuries and that she would try to come into the office the following Monday to clean out her desk. When Plaintiff began to pack the office, she re-injured her back.

49. Plaintiff was asked to pack up her office by Sally Hampton under the direction of Ms. Clark, despite knowing that Plaintiff was on leave, injured and under doctor's care.

50. On January 24, 2005, Plaintiff was denied a private office and also denied a key to her office because it was turned into a conference room.

51. All other administrative officers had their own office.

52. Plaintiff was denied a partition wall in her office.

53. When Plaintiff's detail with Ms. Miller ended in or about March, 2005, she was detailed to her old office under Ms. Clark until she was told by Sally Hampton that Mr. Middleton was looking for an administrative officer.

54. Ms. Hampton informed Mr. Middleton about Plaintiff's prior EEO Complaint and "personality disputes".

55. When Plaintiff came to the office, she was placed in a room that doubled as the kitchen; it contained the refrigerator, coffee pot, microwave, had food in the cook closet, and a closet with a sink; the room smelled and was not nice for customers.

56. The room had never been used as an office before and Plaintiff requested a partition wall to separate the kitchen area from the work area.

57. When Mr. Harry Coldough came in to the office to measure the room for a partition wall, Mr. Middleton became very upset and reported the incident to Ms. Brantley's supervisor.

58. Mr. Middleton held a meeting in which he informed Plaintiff that the request for a partition wall was denied and she could no longer work in the office.

59. Between 1989 and 2005, Plaintiff has not been given any meaningful or complex work assignments.

## Count I

### Hostile Work Environment (Race, Color, Age, Sex and Reprisal)

60. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

61. Plaintiff is a black, African-American, female, over the age of 40 with prior protected EEO activity and therefore is a member of a protected class.

62. The acts alleged in the complaint demonstrate that Defendant created, perpetuated and allowed a hostile work environment based on Plaintiff's race, color, age, sex and reprisal.

63. The hostile work environment was frequent, humiliating, severe and pervasive.

64. Plaintiff was subjected to an objectively and subjectively abusive working environment, that effectively altered the terms and conditions of her employment.

65. Plaintiff timely complained to Defendant about working in a hostile work environment.

66. Defendant failed to promptly and appropriately remedy the situation.

9

67. Allowing the creation and perpetuation of this hostile work environment to be directed against Plaintiff because of her protected status was in violation of Title VII.

68. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

69. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

## Count II

### Race Discrimination in Violation of Title VII (African-American)

70. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

71. Plaintiff is an African-American and therefore is a member of a protected class.

72. Defendant through its agents and employees intentionally discriminated against Plaintiff because of her race (African American) in violation of Title VII.

73. Defendant's discriminatory practices described in the complaint have deprived Plaintiff of her federally protected civil rights and otherwise adversely affected her status as an employee and the terms and conditions of her employment with the Interior Department.

74. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the plaintiff's civil rights protected under Title VII.

75. The defendant's discriminatory practices have proximately caused the plaintiff financial injury, humiliation, mental anguish, and suffering.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

## Count III

### Harassment in Violation of Title VII (Race, Color, Age, Sex and Reprisal)

76. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

77. The Department of the Interior through its agents and employees, intentionally discriminated against Plaintiff by subjecting her to harassment in violation of Title VII and the ADEA.

78. Defendant's discriminatory practices described in the complaint have deprived Plaintiff of her federally protected civil rights and otherwise adversely affected her status as an employee and terms and conditions of employment with the Department of the Interior.

79. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiff's civil rights protected under Title VII and the ADEA.

80. Defendant's discriminatory practices and harassment have proximately caused the plaintiff financial injury, humiliation, mental anguish, and suffering.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

## Count IV

### Color Discrimination in Violation of Title VII (Black)

81. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

82. The Department of the Interior through its agents and employees intentionally discriminated against Plaintiff because of her color (Black) in violation of Title VII.

83. Defendant's discriminatory practices described in the complaint have deprived Plaintiff of her federally protected civil rights and otherwise adversely affected her status as an employee and terms and conditions of employment with the Department of the Interior.

84. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiff's civil rights protected under Title VII.

85. Defendant's discriminatory practices have proximately caused the plaintiff financial injury, humiliation, mental anguish, and suffering.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

## Count V

### Sex Discrimination in Violation of title VII (Female)

86. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

87. The Department of the Interior through its agents and employees intentionally discriminated against Plaintiff because of her sex/gender (Female) in violation of Title VII.

88. Defendant's discriminatory practices described above have deprived Plaintiff of her federally protected civil rights and otherwise adversely affected her status as an employee and terms and conditions of employment with the Department of the Interior.

89. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiff's civil rights protected under Title VII.

90. Defendant's discriminatory practices have proximately caused the plaintiff financial injury, humiliation, mental anguish, and suffering.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

## Count VI

### Age Discrimination in Violation of Title VII (55 years old)

91. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

92. The Department of the Interior through its agents and employees intentionally discriminated against Plaintiff because of her age (55 years old) in violation of the ADEA.

93. Defendant's discriminatory practices described in the complaint have deprived Plaintiff of her federally protected civil rights and otherwise adversely affected her status as an employee and terms and conditions of employment with the Department of the Interior.

94. The unlawful employment practices described above were intentional, malicious, willful, wanton, callous, and showed reckless disregard for the Plaintiff's civil rights protected under Title VII.

95. Defendant's discriminatory practices have proximately caused the plaintiff financial injury, humiliation, mental anguish, and suffering.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a)  A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

b)  An injunction enjoining Defendant from engaging in such conduct in the future;

c)  An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d)  An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

e)  An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f)  Such other and further relief as the Court may deem just and appropriate.

## Count VII

### Retaliation discrimination in violation of Title VII (prior EEO activity)

96.  Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

97. The Department of the Interior through its agents and employees intentionally retaliated against Plaintiff for opposing unlawful employment practices and engaging in prior protected EEO activity in violation of Title VII.

98.  The discriminatory acts were retaliatory, a linked series, and a pattern and practice.

99.  These employment practices violate § 703 of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2.

100. The actions described above constitute retaliation in violation of § 704(a) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3 and in violation of 42 U.S.C. § 1981.

101. Defendant's discriminatory practices caused Plaintiff tremendous and irreparable emotional and psychological damages.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute and punitive damages in an amount to be determined;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

_____/s/_____
Ari Taragin, Esq. (MD: Bar No. 27409)
Michael J. Snider, Esq. (MD: Bar No. 24695)
Jason I. Weisbrot, Esq. (MD: Bar No. 28074)
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

**Request for Jury Trial**

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Respectfully Submitted,

\_\_\_/s/_____
Ari Taragin, Esq. (MD: Bar No. 27409)
Michael J. Snider, Esq.  (MD: Bar No. 24695)
Jason I. Weisbrot, Esq. (MD: Bar No. 28074)
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff