# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MARGARET R. BRANTLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1137 (ESH)** |
| | ) | |
| **DIRK KEMPTHORNE, Secretary** | ) | |
| **United States Department of the Interior,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Defendant Dirk Kempthorne, Secretary, United States Department of the Interior, through

the undersigned counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 8(a) and 12(e),

for an order requiring Plaintiff to amend her Complaint to provide a more definite statement.

Defendant submits the attached Memorandum of Points and Authorities and a proposed order.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| MARGARET R. BRANTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 06-1137 (ESH) |
| | ) |
| DIRK KEMPTHORNE, Secretary | ) |
| United States Department of the Interior, | ) |
| | ) |
| Defendant. | ) |

_____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Defendant, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) for a more definite statement. As grounds for this motion, Defendant submits that Plaintiff's Complaint fails to adequately provide notice of her claims. It is, therefore, impossible for Defendant to respond to the Complaint or determine whether Defendant has legitimate affirmative defenses. For these reasons, a more definite statement is appropriate in this case.

## I. The Complaint

Plaintiff's Complaint is seventeen pages long and contains 101 paragraphs. The allegations of discrimination in the Complaint span approximately sixteen years, from 1989 through 2005.[1] The Complaint alleges that "in the case at bar" Plaintiff filed her first EEO

_____

[1] Plaintiff describes her causes of action as arising under Title VII of the Civil Rights Act of 1964, and 29 USCA §1331, "which prohibits harassment, a hostile work environment and discrimination based on race, color, sex and reprisal," and "pursuant to the ADEA, 29 USCA 621 et seq., which prohibits discrimination based on age." Compl. ¶ 1.

Complaint of discrimination on July 2, 2003, and then amended that Complaint on August 25, 2003 and February 5, 2004, alleging other incidents of discrimination.  Compl. ¶ 4.  Plaintiff then states that "the formal complaint was amended in February and April 2005. Compl. ¶ 5.

In the third section of the Complaint titled "Exhaustion of Administrative Remedies," Plaintiff maintains that "all of the necessary administrative prerequisites for filing the above referenced claims have been met."  Compl. ¶ 3.  However, Plaintiff then states that she has been involved in numerous EEO complaints against defendant since 1989, and that there have been at least three other prior EEO complaints.  Compl. ¶ 4, FN 1.  Appearing to contradict allegations in other paragraphs, Plaintiff alleges that sometime in 1990, she brought an EEO complaint against Defendant and two former supervisors for third-party sexual harassment, and that as part of a settlement agreement she was promoted to the GS-11 level in November 1988.  Compl. ¶ 14.

The Complaint fails to state whether the specifically referenced EEO complaint sometime in 1990 was one of the three complaints referenced in Plaintiff's footnote.  It also fails to state whether or not the denial of a promotion was the subject of any of Plaintiff's prior EEO complaints.  Equally confusing is how Plaintiff received a promotion in November 1988, as a result of an EEO complaint made in or about 1990.

In a section of the Complaint titled "Factual Basis of Complaint," Plaintiff generally alleges that "between 1989 and 2005" she was denied a promotion "while similarly situated employees who worked for the Assistant Secretary's Office (ASO) were at a higher graded level."  Compl. ¶ 13.  However, the Complaint then lists various time periods and work assignments in different offices at the Agency. Compl.  ¶¶ 16-18, 20, 22.  In several paragraphs, Plaintiff claims that she requested, but was denied promotions, yet, she fails to name the

individuals who purportedly received or denied the requests.  Compl. ¶¶ 19-20.

Among other claims, Plaintiff also alleges that she was: (1) denied a private office; (2) not given proper work facilities; (3) made to walk three blocks between buildings to perform her duties; (4) denied access to the Internet; (5) asked to pack up her office in January 2005, causing her to aggravate a previous back injury; (6) denied a key to her office; (7) denied a partition wall in her office; and (8) not "given any meaningful or complex work assignments" from 1989 through 2005.  Compl ¶¶ 27-36, 45, 50, 52, and 59.  Yet, there is nothing in the Complaint specifically relating any of these allegations to her claims of discrimination.  Instead, Plaintiff just incorporates all of her Complaint into each one of her seven counts and incorporates each one of her counts into the other counts in her Complaint.

Plaintiff's Complaint is vague and ambiguous, and seems to reiterate claims in some paragraphs which are more fully set forth in other allegations. There are no designations to indicate whether the allegations that Plaintiff has included in her Complaint relate to her discrimination claims based upon race, color, sex, age, or reprisal.  The Complaint also appears to integrate claims under Title VII which may be subject to dismissal for failure to exhaust administrative remedies.

Given the descriptions in the Complaint and the lack of specific names and dates, it is difficult for Defendant to discern whether Plaintiff is pleading separate allegations concerning discrimination or improperly alleging a continuing violation from 1989 through 2005.  In fact, because the dates in the Complaint are not in chronological order, it is difficult to decipher whether or not the allegations in some paragraphs are even related to other allegations in the Complaint.

**ARGUMENT**

**II.  Plaintiff Should Be Required To File a More Definite Statement**

Plaintiff's Complaint covers a time period of almost sixteen years and encompasses the purported acts of both unnamed supervisors and supervisors in different offices dating back to 1989.  Because of the confusing and ambiguous allegations in the Complaint, it is impossible for Defendant to determine which claims are before the court, whether those claims are being raised pursuant to Title VII or the ADEA, and whether Defendant is entitled to plead affirmative defenses, or move to dismiss some of these claims based on Plaintiff's failure to exhaust administrative remedies or on other bases.  Thus, without more information, Defendant is left to speculate about the nature of Plaintiff's claims.

Rule 8(a), Fed. R. Civ. P., states that a claim:

[S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Under the Federal Rules of Civil Procedure, the purpose of a complaint is to provide notice of the claims being asserted against a defendant. This allows a defendant to respond appropriately either by answer or dispositive motions, or to prepare a defense.  *Brown v.*

4

*Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* is applicable.") (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . . " *Brown*, 75 F.R.d. at 498 (dismissing *pro se* plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

In this case, the Complaint fails to meet the minimum requirements of pleading under Rule 8(a), Fed. R. Civ. P., and fails to provide any showing that Plaintiff is entitled to relief. Because of the ambiguous nature of the Complaint, Defendant is unable to file a responsive pleading as required by Rule 10(b), or determine whether a dispositive motion is appropriate in this case. Significantly, Defendant cannot discern whether or not Plaintiff may have integrated into her Complaint non-actionable claims subject to dismissal for either failure to exhaust administrative remedies or on the basis of *res judicata*. Likewise, to the extent that some of Plaintiff's vague allegations are discrete acts of alleged disparate treatment and retaliation claims, Defendant is unable to determine whether it has legitimate affirmative defenses.

Defendant is only requesting that the Court enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend her Complaint to provide Defendant a more definite statement of her claims prior to requiring Defendant to file a response. A more definite statement is critical to the extent that Plaintiff is advancing Title VII claims, because she must have filed a timely administrative claim with the employing agency and exhausted her administrative remedies before filing a civil action.

## **CONCLUSION**

WHEREFORE, Defendant respectfully submits that the Court should require Plaintiff to amend her Complaint such that it sets forth a more definite statement of her claims.

Respectfully submitted,

   /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

6

## **CERTIFICATION OF SERVICE**

**_____** I HEREBY CERTIFY, this 19th day of December, 2006, reliance on the Electronic Filing

System (ECF) to insure that digital copies of the foregoing Defendant's Motion for a More

Definite Statement, Memorandum of Points and Authorities In Support, and proposed Order,

have been served on Counsel for Plaintiff, Ari Taragin, Esq., Snider & Associates, LLC.


__/s/_____
JUDITH A. KIDWELL,
ASSISTANT U.S. ATTORNEY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ———————————————————— ) | |
| **MARGARET R. BRANTLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1137 (ESH)** |
| ) | |
| **DIRK KEMPTHORNE, Secretary** ) | |
| **United States Department of the Interior,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————————— ) | |

**<u>ORDER</u>**

UPON CONSIDERATION OF Defendant's Motion for a More Definite Statement and

Memorandum of Points and Authorities in Support Thereof, any Opposition thereto, and the

entire record herein, it is this _____ day of _____, _____,

**ORDERED** that Defendant's motion is **GRANTED**; and it is

**FURTHERED ORDERED** that Plaintiff amend her Complaint by January _____, 2007,

to provide a more definite statement of her claims.

_____
UNITED STATES DISTRICT JUDGE