IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                             )
MARGARET R. BRANTLEY,                        )
                                             )
    Plaintiff,                               )   **Civil Action No. 06-1137**
                                             )   **ESH**
v.                                           )
                                             )
DIRK KEMPTHORNE, SECRETARY,                  )
U.S. DEPARTMENT OF THE INTERIOR,             )
                                             )
    Defendant.                               )
_____ )

**PLAINTIFF'S RESPONSE AND MOTION TO STRIKE DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff, Ms. Margaret R. Brantley, by and through her undersigned counsel, hereby submits its Response to Defendant's Motion for a More Definite Statement. Plaintiff submits the attached Memorandum of Points and Authorities to support her position.

                                              Respectfully Submitted,

                                              /s/_____
                                              Ari Taragin, DC Bar # MD 27409
                                              Jason I. Weisbrot, DC Bar # MD 28074
                                              Snider & Associates, LLC
                                              104 Church Lane, Suite 100
                                              Baltimore, MD 21208

                                              Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET R. BRANTLEY, ) | |
| ) | |
| Plaintiff, ) | **Civil Action No. 06-1137** |
| ) | ESH |
| v. ) | |
| ) | |
| DIRK KEMPTHORNE, SECRETARY, ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff, Ms. Margaret R. Brantley, by and through her undersigned counsel, hereby submits its Response to Defendant's Motion for a More Definite Statement. Plaintiff believes and asserts that the initial Complaint sufficiently put the Agency on notice of the claims and defenses involved in this matter, pursuant to Rule 8. Fed.R.Civ.P. 8. Plaintiff believes that Defendant is capable of answering the Complaint and states in support thereof:

The Complaint sufficiently puts the Defendant on notice of the claims averred – that Plaintiff was discriminated against in violation of Title VII and the ADEA on a continuing basis between 1989 and 2005, when she: 1) was denied promotions; 2) denied access to the internet and other computer systems; 3) received less meaningful and complex work than other similarly situated employees, etc., as alleged in the Complaint. Unlike the case in *Brown*, the pleading in the instant action was not a "confused and rambling narrative of

charges and conclusions concerning numerous persons, organizations and agencies." *See Brown v. Califano*, 75 F.R.D. 497 (D.C.D.C. 1977). The complaint alleged seven counts of harassment, discrimination and hostile work environment against the same agency, the Department of the Interior. Plaintiff provided modest specificity with regard to dates and places where the transactions occurred, as well as names of relevant individuals. *See* Complaint. The allegations in the Complaint provided Defendant fair notice of the claims alleged by Plaintiff.

    **I.**    **Plaintiff Should Not be Required to Amend the Complaint Because Defendant Failed to Meet the Legal Standard for a Motion Pursuant to Rule 12(e).**

Plaintiff should not be ordered to amend the complaint because it is not vague or ambiguous. The Motion for a More Definite Statement provides Defendant's with a remedy for complaints **that fail to meet the minimum pleading requirements** pursuant to Rule 8. *See Hodgson*, 482 F.2d at 823 (Rule 12(e) must be read in conjunction with Rule 8(a)). A Motion under Rule 12(e), however, must be reluctantly used based on the liberal pleading requirements under Rule 8. *See Hilska v. Jones*, 217 F.R.D. 16 (D.D.C. 2003); *Latch String, Inc. v. The Rouse Co.,* 1977 WL 1346, at *1, 1977 U.S. Dist. LEXIS 18086, at *2-3 (D.D.C. Jan. 4, 1977), *citing, United States v. Ga. Power Co.,* 301 F.Supp. 538, 543-44 (N.D.Ga.1969)). Moreover, "[w]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue

by filing a response within the time provided by the rules." *Hodgson,* 482 F.2d at 824, *citing*, *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir.1959).

The court will only grant relief under Rule 12(e) where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a response." Fed.R.Civ.P. 12(e); *See also Saad v. Burns Int'l Sec. Servs., Inc.,* 456 F.Supp. 33, 36 (D.D.C.1978) (Green, J.) (finding that mere allegations do not suffice to state a claim and ordering the plaintiff to file a more definite statement); *Ekberg v. Pennington*, 2002 WL 1611641, at *1 (E.D.La. July 19, 2002) (granting a Rule 12(e) motion where "the plaintiff's complaint pleads nothing but conclusions and provides no guidance to the defendants as to how to respond"); *Bower v. Weisman,* 639 F.Supp. 532, 538 (S.D.N.Y.1986) (granting a Rule 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint).

The facts of this case demonstrate that Plaintiff did meet the liberal pleading requirements of Rule 8.  The Plaintiff stated that the Defendant violated Title VII of Civil Rights Act and Age Discrimination in Employment Act on a continuous and ongoing basis between 1989 and 2005.  Plaintiff identified numerous incidents of discriminatory adverse employment action and maintains that the Complaint is sufficient on its face and Defendant must be required to provide an Answer pursuant to Rule 8.  Plaintiff hopes that this Motion is more than just a delay tactic to produce a Motion to Dismiss that was not timely prepared as of the slated due date, December 26, 2006.

Contrary to actions covered under Rule 9, i.e. 1983 claims, there is no heightened pleading standard for run of the mill Title VII and ADEA cases. The Supreme Court recently rejected a heightened pleading standard in the context of Title VII discrimination cases as not required by Rule 9(b). *Swierkiewicz,* 534 U.S. 506 (2002). Like the Complaint in *Swierkiewicz*, the initial Complaint filed by Plaintiff in this matter detailed the events alleged as discriminatory, provided relevant dates to the extent necessary, and included names of relevant individuals involved at various times between 1989 and 2005. *See Swierkiewicz*, 534 U.S. at 999; *See also* Complaint**.** The allegations in the Complaint provided Defendant fair notice of the claims alleged by Plaintiff and the ground upon which they rest, as required by Rule 8(a). *See* Conley, 355 U.S. at 47. Furthermore, it is clear that it meets the minimum standards so as to avoid dismissal for failure to state a claim under rule 12(b)(6).

      II.     **Defendant seeks information that can be ascertained during Discovery.**

The Defendant's Motion for a More Definite Statement merely seeks information that it can easily ascertain during discovery and need not be alleged in notice-based pleadings. For instance, the Defendant states that Plaintiff failed to state whether the 1990 EEO complaint was one of the three complaints identified in a footnote in the initial Complaint and she failed to provide the names of individuals who received or denied her requests for promotion. But this information is not necessary for Defendant to answer the complaint and need not be provided during this stage of the litigation.

The courts will not allow Rule 12(e) to become a substitute for discovery, therefore, will generally deny a motion for a more definite statement where the information sought may be obtained in discovery. *Id.* at *1, 1977 U.S. Dist. LEXIS 18086, at *3, *citing, Stromillo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 54 F.R.D. 396, 397 (E.D.N.Y.1971); *Hodgson,* 482 F.2d at 824; *Mitchell,* 269 F.2d at 132 (determining that the information sought was an issue for discovery rather than the pleadings). *M.K. v. Tenet,* 99 F.Supp.2d 12, 19 (D.D.C.2000) (noting that a more definite statement is appropriate only when it will cure specific defects in the complaint); *see also Humpherys v. Nager,* 962 F.Supp. 347, 352-53 (E.D.N.Y.1997) (observing that Rule 12(e) relief "is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint").

### III. Without Admitting to Insufficiency of the Complaint, Plaintiff will clarify Defendant's confusion as to how Plaintiff received a promotion in 1988 for an EEO complaint filed in 1990.

Plaintiff did not receive a promotion in 1988 for a complaint filed in 1990. Plaintiff received a promotion in 1988 as settlement of a prior matter not cited in the instant Complaint. As part of that settlement, Plaintiff was supposed to receive training and another promotion to the higher graded level, where other similarly situated employees were classified. Plaintiff, subsequently, filed the 1990 EEO complaint because the Agency failed to provide her the training and pursue her promotion to the higher graded level.

**IV.     It is Clear from the Complaint that the Plaintiff did Exhaust Administrative Remedies.**

Plaintiff believes that Defendant can very easily answer the instant complaint.  The crux of Defendant's concerns seem to center around whether or not Defendant has affirmative defenses for Plaintiff's failure to exhaust administrative remedies.  It is clear from the Complaint that the minimum jurisdictional requirements of Rule 8(a) Fed. R. Civ. P., are met in the Exhaustion of Administrative Remedies Section. *See* Complaint at Paragraphs 3-7.  The Defendant contends that a more definite statement is required "to the extent that plaintiff is advancing Title VII claims, because she must have filed a timely administrative claim with the employing agency and exhausted her administrative remedies before filing a civil action." *See* Defendant's Memorandum of Points and Authorities at Page 5.  The Complaint, however, specifically states that all administrative prerequisites were met when, among other things, it stated the following:

1. Plaintiff filed an informal complaint, filed a formal Complaint of Discrimination and requested a hearing through the Equal Employment Opportunity Commission in Washington, DC;

2. Plaintiff filed the first complaint of discrimination on July 2, 2003, then amended that Complaint on August 25, 2003 and February 5, 2004, alleging other incidents of discrimination;

3. The formal complaint was amended in February and April, 2005;

4. On February 6, 2006, the Administrative Judge issued an order that dismissed Plaintiff's EEOC Case No. 100-2004-00917x.  The final

      agency decision was issued on March 24, 2006, and received by Plaintiff on March 27, 2006;

5. Plaintiff timely files this civil action lawsuit in the appropriate United States District Court within the 90-day statutory period from the receipt of the final order.

*See* Complaint at Paragraphs 3-7.  In questioning whether the administrative remedies were exhausted, Defendant is essentially challenging the character and credibility of Plaintiff and her counsel.  Plaintiff believes that Defendant can rely on the above paragraphs, as stated in the Complaint, to determine whether administrative remedies were exhausted.  Furthermore, as stated above, Plaintiff's actions between 1989 and 2005 can be explored through discovery, by various means, including deposition of Plaintiff, to determine what steps she took to exhaust the administrative remedies.

      The Defendant can answer the complaint and maintain any affirmative defense it believes it has.  Furthermore, the EEO case was dismissed in a Decision Without a Hearing on the merits, without any prior findings of failure to exhaust remedies.

## **CONCLUSION**

      Plaintiff, respectfully requests that the Court order the Defendant to answer the complaint without any amendment.

      Respectfully Submitted,

      /s/_____
      Ari Taragin, DC Bar # MD 27409

Jason I. Weisbrot, DC Bar # MD 28074
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January 2007, the above Response to the Defendant's Motion and Memorandum of Points and Authorities in Opposition was served on Ms. Judith A. Kidwell, Assistant U.S. Attorney, Civil Division, Counsel for Defendant, by filing on the Electronic Filing System (ECF).

        /s/
Ari Taragin, DC Bar # MD 27409
Jason I. Weisbrot, DC Bar # MD 28074
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                                          )
MARGARET R. BRANTLEY,                              )
                                                                          )
    Plaintiff,                                                       )        **Civil Action No. 06-1137**
                                                                          )        **ESH**
v.                                                                         )
                                                                          )
DIRK KEMPTHORNE, SECRETARY,                   )
U.S. DEPARTMENT OF THE INTERIOR,          )
                                                                          )
    Defendant.                                                    )
_____ )

**PROPOSED ORDER**

UPON CONSIDERATION OF Defendant's Motion for a More Definite Statement and Memorandum of Points and Authorities in Support Thereof, as well as Plaintiff's Response and Motion to Strike and Memorandum of Points and Authorities in Opposition to Defendant's Motion, and the entire record herein, it is this ____ day of _____, 2007,

**ORDERED** that Defendant's motion is **DENIED,** and it is

**FURTHERED ORDERED** that Defendant must Answer the Complaint by January ____, 2007.

_____
UNITED STATES DISTRICT JUDGE