UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MARGARET R. BRANTLEY,               )
                                    )
           Plaintiff,               )
                                    )
    v.                              )    Civil Action No. 06-1137 (ESH)
                                    )
DIRK KEMPTHORNE, Secretary          )
United States Department of the Interior, )
                                    )
           Defendant.               )
_____)

**DEFENDANT'S REPLY IN FURTHER SUPPORT
OF ITS MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Dirk Kempthorne, Secretary, United States Department of Interior, through the undersigned counsel, submits the following reply in further support of its motion for a more definite statement and in opposition to Plaintiff's Motion to Strike Defendant's Motion for a More Definite Statement. As demonstrated by the additional information contained in Plaintiff's opposition and her "clarification" of a prior settlement of an EEO complaint in 1990, Plaintiff failed to put Defendant on notice of her claims in this case. *See* Plaintiff's Opposition at Introduction and III. It is also apparent from the additional information, including dates, in Plaintiff's Opposition, that she is asserting a continuing violation theory to salvage claims regarding discrete acts, some of which occurred more than seventeen years ago. *See* Plaintiff's Opposition, Introduction.[1]

Plaintiff's suggestion that Defendant should engage in discovery in order to determine whether Defendant has legitimate affirmative defenses that will be waived if not raised in

_____

[1] Plaintiff's admission that she "provided modest specificity with regard to dates and places" further supports Defendant's motion for a more definite statement.

Defendant's answer, merely illustrates the infirmities of Plaintiff's complaint. See Plaintiff's Opposition at II and IV. Moreover, Plaintiff's innuendo, unsupported by a scintilla of evidence, that Defendant filed this motion as a delay tactic to gain time to prepare a motion to dismiss is unwarranted. The point of Defendant's motion for a more definite statement is that Defendant does not have enough information to determine whether there is a basis for a motion to dismiss. If Defendant needed more time to prepare a motion to dismiss, it would have been far more efficient to file a motion for enlargement of time.

Finally, Defendant is unclear how to respond to Plaintiff's motion to strike Defendant's motion for a more definite statement, except to state that such a motion is not contemplated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f) provides that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings are generally defined in Fed. R. Civ. P. 7, as a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. The rule provides that no other pleadings shall be allowed, except by Court order. Therefore, the proper response to Defendant's motion for a more definite statement was either an opposition or response, not a motion.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## CERTIFICATION OF SERVICE

_____I HEREBY CERTIFY, this 9th day of January, 2007, reliance on the Electronic Filing System (ECF) to insure that digital copies of the foregoing Defendant's Reply, has been served on Counsel for Plaintiff, Ari Taragin, Esq., and Jason I. Weisbrot, Esq., Snider & Associates, LLC.

__/s/_____
JUDITH A. KIDWELL,
ASSISTANT U.S. ATTORNEY