UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET R. BRANTLEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1137 (ESH) |
| DIRK KEMPTHORNE, Secretary United States Department of the Interior, | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER

Defendant, Dirk Kempthorne, Secretary, United States Department of the Interior, ("DOI"), by and through undersigned counsel, hereby responds to Plaintiff's complaint as follows:

### FIRST DEFENSE

To the extent that the Complaint alleges actions and issues not timely brought to the Agency's Office of Civil Rights, Plaintiff has failed to appropriately exhaust administrative remedies.

### SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Plaintiff claims are barred by the statute of limitations as she has failed to exhaust her administrative remedies in a timely fashion.

**FIFTH DEFENSE**

Plaintiff's claims are barred by release or by accord and satisfaction.

**SIXTH DEFENSE**

Plaintiff's demand for a jury trial in connection with her age discrimination claim should be stricken because there is no right to a jury trial under the Age Discrimination in Employment Act ("ADEA").

**SEVENTH DEFENSE**

Plaintiff's demand for punitive damages should be stricken because there is no right to punitive damages under Title VII of the Civil Rights Act of 1964, as amended, or under the ADEA.

**EIGHTH DEFENSE**

Plaintiff's allegations of pattern and practice should be stricken because plaintiff, as an individual litigant, is not authorized to assert a pattern or practice claim.

**NINTH DEFENSE**

Plaintiff's claims are barred by laches.

**TENTH DEFENSE**

Plaintiff's claims are barred by waiver.

**ELEVENTH DEFENSE**

Defendant has not subjected plaintiff to a hostile work environment.

**TWELFTH DEFENSE**

Defendant has not discriminated against or retaliated against plaintiff.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by estoppel.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to back pay or front pay in this case.

### FIFTEENTH DEFENSE

Defendant is entitled to offsets for any back pay or front pay awarded to plaintiff.

### The Complaint

Defendant further answers the numbered paragraphs of plaintiff's complaint by denying the allegations contained therein, except as expressly admitted as follows:

### Nature of Action

This unnumbered paragraph contains plaintiff's characterization of her action to which no answer is required. Insofar as an answer may be required, this paragraph is denied.

### Jurisdiction

1.	Paragraph 1 contains plaintiff's jurisdictional statement to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 1 is denied.

### Venue

2.	Paragraph 2 contains allegations of venue to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 2 is denied.

### Exhaustion of Administrative Remedies

3.	Deny.

4.	Deny, except to admit that plaintiff filed a formal complaint of discrimination on July 2, 2003, and amended her complaint on August 25, 2003, and again on February 5, 2004.

5. Admit first and second sentences. Defendant is without information sufficient to admit or deny the third sentence.

6. Admit.

7. Deny.

### Plaintiff

8. Defendant is without information sufficient to enable defendant to admit or deny the allegations in this paragraph.

### Defendant

9. Deny to the extent that plaintiff is alleging that "director Dirk Kempthorne" has been an employer and/or has been such since 1989. Admit to the extent that the U.S. Department of Interior has been an employer with 15 or more employees at all times relevant to this case.

10. Admit.

11. Plaintiff's complaint does not contain a numerical 11.

### Factual Basis of Complaint

12. Admit.

13. Deny.

14. Deny, as stated.

15. Deny, except to admit that plaintiff is a GS-11 Administrative Officer.

16. Deny, as stated.

17. Deny, as stated.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny, except to admit that plaintiff remained at the GS-11 grade level.

24. Deny.

25. Admit.

26. Admit.

27. Deny, except to admit that plaintiff requested Internet access.

28. Deny, except to admit that plaintiff did not have access to the Internet at her desk.

29. Admit.

30. Deny, except to admit that plaintiff was not given access to the Internet at her desk.

31. Deny, except to admit that plaintiff, as well as other employees, was moved to offices at 1800 G Street.

32. Deny, except to admit that plaintiff was moved to the G Street Building and, like other employees, plaintiff had to travel between the G Street building and the Main Department of Interior Building to perform certain aspects of her job.

33. Defendant is without information sufficient to admit or deny this allegation.

34. Deny, except to admit that plaintiff, like other employees, had to travel between the G Street building and the Main Department of Interior Building to perform certain aspects of her job.

35. Deny, except to admit that plaintiff, like other employees, had to travel between the G Street building and the Main Department of Interior Building to perform certain aspects of her job.

36. Deny.

37. Deny.

38. Admit.

39. Deny, as stated.

40. Deny, as stated.

41. Deny, as stated.

42. Admit.

43. Deny, except to admit that plaintiff applied for an administrative position.

44. Deny, except to admit that a vacancy announcement for an administrative position was cancelled.

45. Deny, as stated.

46. Defendant is without information sufficient to enable defendant to admit or deny the allegations in this paragraph.

47. Deny, as stated.

48. Defendant is without information sufficient to enable defendant to admit or deny the allegations in this paragraph.

49. Deny, as stated.

50. Deny, as stated.

51. Deny.

52.     Deny, except to admit that plaintiff, without authorization from her supervisor, sought to have a partition installed that would have cost approximately $1500.

53.     Admit.

54.     Deny, as stated.

55.     Deny, as stated.

56.     Deny, as stated.

57.     Denied, except to admit that when workmen came to put up a wall, which had not been authorized by Mr. Middleton, Mr. Middleton learned that plaintiff, working on detail for Mr. Middleton, had used his name, without his knowledge, to order the partition wall.  Mr. Middleton did not feel comfortable having plaintiff work in his office after this incident and advised her office that he did not want to bring her on as a permanent employee.

58.     Admit.

59.     Deny.

## Count I
### Hostile Work Environment (Race, Color, Age, Sex, and Reprisal)

60.     This paragraph adopts and incorporates every allegation set forth in the previous paragraphs.  To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 59, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

61.     Admit.

62.     Deny.

63.     Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

The remainder of Count I of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Count II
### Race Discrimination in Violation of Tile VII (African-American)

70. This paragraph adopts and incorporates every allegation set forth in the previous paragraphs. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 69, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

71. Admit.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

The remainder of Count II of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Count III
### Harassment in Violation of Title VII (Race, Color, Age, Sex and Reprisal

76. This paragraph adopts and incorporates every allegation set forth in the previous paragraphs. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 75, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

The remainder of Count III of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Count IV
### Color Discrimination in Violation of Title VII (Black)

81. This paragraph adopts and incorporates every allegation set forth in the previous paragraphs. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 80, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

The remainder of Count IV of plaintiff's complaint contains her prayer for relief, to

which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Count V
### Sex Discrimination in Violation of Title VII (Female)

86. This paragraph adopts and incorporates every allegation set forth in the previous paragraphs. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 85, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

The remainder of Count V of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Count VI
### Age Discrimination in Violation of Title VII (55 years old)

91. This paragraph adopts and incorporates every allegation set forth in the previous paragraphs. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 90, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

The remainder of Count VI of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Count VII
## Retaliation Discrimination in Violation of Title VII (prior EEO activity)

96. This paragraph adopts and incorporates every allegation set forth in the previous paragraphs. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 95, defendant denies that Secretary Kempthorne or the U.S. Department of Interior took any actions in violation of the statutes cited or that plaintiff is entitled to any relief.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

The remainder of Count VII of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

## Prayer for Relief

The remainder of plaintiff's complaint contains her prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied.

Defendant hereby specifically denies each and every allegation contained in plaintiff's

complaint not hereinbefore answered.

                Respectfully submitted,

                /s/
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                /s/
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                _____/s/_____
                JUDITH A. KIDWELL
                Assistant United States Attorney
                555 4th Street, N.W., Room E4905
                Washington, D.C. 20530
                (202) 514-7250

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of January, 2007, I caused the foregoing Defendant's Answer to be served by ECF on Counsel for Plaintiff:

Ari Taragin, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21209
ari@sniderlaw.com


                                            ___/s/_____
                                            JUDITH A. KIDWELL
                                            Assistant United States Attorney