UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET R. BRANTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1137 (ESH) |
| | ) |
| DIRK KEMPTHORNE, Secretary, | ) |
| United States Department of the Interior, | ) |
| | ) |
| Defendant. | ) |

## JOINT RULE 16.3/RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(c), the parties submit the following report.

### Plaintiff's Statement of Case

Plaintiff is employed with the U.S. Department of Interior. She has advanced claims of discrimination, pursuant to Title VII of the 1964 Civil Rights Act, and the Age Discrimination in Employment Act ("ADEA"), based upon her race, color, gender, and age, and reprisal for engaging in protected EEO activity. Plaintiff contends that she was subject to discriminatory treatment and a hostile work environment beginning in 1989, in the form of the denial of promotions and other unlawful employment practices.

### Defendant's Statement of Case

Plaintiff's claims before this Court concern her allegations that, beginning in 1989, she was discriminated against based upon her race, color, gender, and age, and, that she was subjected to reprisal for protected EEO activity and subjected to harassment and a hostile work environment. Defendant submits that plaintiff has no claims under Title VII (42 U.S.C. § 2000e,

*et seq*.), or the ADEA.  To the extent that plaintiff's complaint raises claims based on alleged actions of defendant that were not raised in a timely manner or at all to an EEO counselor, plaintiff has failed to exhaust her administrative remedies.  (42 U.S.C. § 2000e-16(c)).  Moreover, several agency actions alleged by plaintiff in her complaint do not constitute adverse employment actions.  *See, e.g. Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999).  Defendant may raise additional defenses based upon evidence disclosed during discovery and throughout the litigation of this action.

### Local Rule 16.3(c)

Pursuant to Local Rule 16.3(c), the Parties report as follows:

1. **Dispositive Motion**:  Plaintiff does not think that this case can be disposed of by dispositive motion.  Defendant thinks that all or part of this case may be resolved by dispositive motion, following discovery.

2. **Joinder of Parties, Amendment of Pleadings or Issues Narrowed**:  At this time, the Parties do not think that additional parties need to be joined or pleadings amended.  After some discovery is completed, factual or legal issues may need to be narrowed.

3. **Assignment to a Magistrate Judge**:  Plaintiff has no objection to the assignment of this case to a magistrate judge for all purposes, including trial.  Defendant thinks that it is too early to assess whether this case should be assigned to a magistrate judge for all purposes, including trial, but defendant has agreed to revisit this issue upon the completion of some discovery.

4. **Possibility of Settlement**: The Parties think that it is too early to assess whether settlement is possible, but have agreed to revisit this issue after the completion of some

discovery.

5. **Alternative Dispute Resolution ("ADR")**: Because the issues in this case span a significant time period, plaintiff thinks that ADR may be useful. Defendant thinks that it is too early to assess whether ADR would be useful, but has agreed to revisit this issue after the completion of some discovery.

6. **Resolution by Summary Judgment or Motion to Dismiss**: Plaintiff thinks that this case will survive a motion to dismiss or summary judgment. Defendant thinks that this case can be resolved by a motion to dismiss/motion for summary judgment. The parties propose that the deadline for any dispositive motions and/or cross-motions be sixty days after the date that discovery closes. Any oppositions or replies should be filed in accordance with the Rules of this Court.

7. **Initial Disclosures**: The Parties agree to exchange Initial Disclosures by February 14, 2007.

8. **Discovery**: Because of the significant time span of the allegations in this case, the Parties propose that discovery be completed in approximately nine (9) months or by October 31, 2007. The Parties have agreed to a Protective Order that has been filed with the Court. The Parties have agreed to discuss any anticipated electronic discovery and the need for any additional agreements, including a nonwaiver of privilege agreement, regarding electronic discovery. The Parties propose up to five (5) depositions and thirty (30) interrogatories for each party.

9. **Exchange of Expert Witness Information**: Should this case be scheduled for trial, the Parties may need expert testimony. The Parties have agreed to provide disclosures regarding

expert witnesses to the other Party no later than August 1, 2007.  Pursuant to Rule 26 (a)(2)(C), any rebuttal will be exchanged by August 31, 2007.

    10.  **Class Action Procedures**:  Not applicable.

    11.  **Bifurcation of Trial and/or Discovery**:  The Parties agree that it is unnecessary to bifurcate or manage the trial in phases.

    12.  **Date for Pretrial Conference**:  The Parties propose that the pretrial conference not be scheduled until the Court has ruled on any dispositive motions filed after the close of discovery in this case.

    13.  **Trial Date**:  The Parties propose that the trial date be scheduled at the pretrial conference.

    14**.  Other Matters**:  None

Respectfully submitted,

___/s/_____  
ARI TARAGIN, ESQ.  
D.C. Bar #27409  
Snider & Associates, LLC  
104 Church Lane, Suite 201  
Baltimore, MD 21208  
(410) 653-9060  

Attorney for Plaintiff

_/s/_____  
JEFFREY A. TAYLOR, D.C. Bar #498610  
United States Attorney  

_/s/_____  
RUDOLPH CONTRERAS  
D.C. Bar #434122  
Assistant United States Attorney  

_/s/_____  
JUDITH A. KIDWELL  
Assistant United States Attorney  
555 4th St., N.W.- Room E4905  
Washington, D.C.  20530  
(202) 514-7250  

Attorneys for Defendant