# EXHIBIT U
Plaintiff's Response to Interrogatories

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET R. BRANTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1137 (ESH) |
| | ) |
| DIRK KEMPTHORNE, Secretary | ) |
| United States Department of the Interior | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSES TO DEFENDANTS FIRST SET OF DISCOVERY REQUESTS**

Plaintiff, Ms. Margaret Brantley, by and through her undersigned attorneys, hereby submits its responses to the Defendant's first set of discovery responses.

## <u>GENERAL OBJECTIONS</u>

These general objections apply to each Request for Production of Documents as though restated in full in Plaintiffs responses to each Request:

1.  Plaintiff objects to any and all discovery requests to the extent that they seek information protected from disclosure by the attorney/client, attorney work product, deliberative process, or any other applicable privilege.

2.  Plaintiff objects to any and all discovery requests to the extent that they seek disclosure of the mental impressions, conclusions, opinions, legal research, and legal theories of counsel.

3.  Plaintiff objects to any and all discovery requests to the extent that they seek to discover the manner or method of proof at trial.

4.  Plaintiff objects to any and all discovery requests to the extent that they

seek information of a confidential or proprietary nature on the grounds that such information, if it is otherwise discoverable, should not be provided unless and until an appropriate order protecting the confidentiality of such information has been entered.

5.   Plaintiff objects to any and all discovery requests to the extent that they seek information which is irrelevant, overbroad, unduly burdensome to produce, or not reasonably calculated to lead to the discovery, of admissible evidence.

6.   Plaintiff objects to any and all discovery requests to the extent that they seek information which would require an unreasonable search to uncover.

7.   Plaintiff objects to any and all discovery requests to the extent that they seek information which is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

## CONDITIONS

1. This response is made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

a)  All objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

b)  The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

c)  The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these requests for documents; and

d)  The right at any time to revise, correct, supplement, clarify, or amend this response in accordance with the Federal Rules of Civil Procedure.

2. All responses to these requests are based on Plaintiffs best understanding of the Requests and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which the Plaintiff understood the Requests and/or the terms used therein.

3. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

## INTERROGATORIES

INTERROGATORY 1:

Please identify every person you believe has knowledge or information relevant to the claims asserted in the lawsuit.   For each person, please describe the nature of the person's knowledge or information.

RESPONSE 1:

Nancy Davis—was a former supervisor after the 1987 settlement and trained Plaintiff for higher graded level work.

Phillip Haymond—was a former supervisor that had knowledge of Plaintiffs work

Manual Lujan

Albert Comacho

Patricia Rogers—has knowledge of Plaintiffs RIF out of the office and diminution in work duties

Sandra McCrary–Plaintiff was detailed to work for Ms. McCrary.

Robert Faithful–former supervisor; Plaintiff was detailed to work for Mr. Faithful.

BJ Thornberry –former supervisor

Linda Richardson –former supervisor

Jerry Field–former supervisor; told Plaintiff she would not be moved to G Street offices.

James McDivitt–former supervisor; told Plaintiff she would get an accretion of duties promotion and that she would not be moved to G Street offices.

Woodrow Hopper–former supervisor; accused Plaintiff of nepotism.

Debbie Clark–former co-worker and supervisor; removed Plaintiff's duties under Deputy Assistant Secretary, Indian-Affairs.

Sally Hampton–former supervisor; has knowledge of work assignments given to Plaintiff.

Victor Christensen–has knowledge of Plaintiff's work experience and the posting of the subject vacancy in 2004.

Robert Middleton–has knowledge of Plaintiff's work experience and wall partition issue.

Plaintiff further states that descriptions of the nature of knowledge are in the ROI, p.2-10.

INTERROGATORY 2:

Identify and describe in detail all communications, including, but not limited to, memoranda, correspondence, and e-mails, between Plaintiff and any other Department of Interior employees regarding the claims asserted in the lawsuit.

RESPONSE 2:

*See* attachments in response to request for production of documents.

INTERROGATORY 3:

Please state whether you have been a party in a lawsuit other than this one.  If so, please provide the date of filing of each lawsuit, case caption, the case

number, the name of the court in which it was filed, a description of the allegations made in the lawsuit, and the result of the lawsuit.

RESPONSE 3:

Plaintiff objects to this request to the extent it calls for information that is irrelevant and not likely to lead to discoverable evidence.

Plaintiff does state that she filed two EEO complaints against her employer and has been a participant in three potential class action cases against the Agency. Plaintiff has been a party to another lawsuit other than this one:

1) Brantley v. Davis, personal injury–settled.

INTERROGATORY 4:

Please state all of the facts upon which you base your allegation or which supports your allegation that Ms. Hampton informed Mr. Middleton about your 'prior protected EEO activity', including the date and circumstances surrounding the alleged disclosure.

RESPONSE 4:

Plaintiff cannot provide specific information about the date and circumstances surrounding the disclosure, but will state that when Plaintiff was reassigned to work for Mr. Middleton, she believes that Ms. Hampton informed him that she had prior EEO activity. When Plaintiff finally met with Mr. Middleton, in March 2005, he indicated that he knew she had an on-going complaint and wanted to know if she wanted to talk about it.

INTERROGATORY 5:

Please identify the 'prior EEO activity' which plaintiff alleges in her complaint.

RESPONSE 5:

Plaintiff engaged in prior protected activity in 1987 when she filed a formal complaint of discrimination against the Agency. That case was subsequently settled in 1988 with a promotion to the GS-11 level and reassignment to be trained by Ms. Nancy Davis.

Plaintiff contacted the EEO counselor in 1993, 1995, 2000, and 2003 to discuss various issues of discrimination in hiring and promotion. Plaintiff filed her most recent formal complaint of discrimination in August 2003.

INTERROGATORY 6:

Please identify each health care provider from whom or from which you have received treatment, physical or mental care, counseling, consultation, or diagnosis for the past seventeen (17) years, but not limited to, physicians, psychiatrists, psychologists, nurses, therapists, counselors, hospitals, or other health care facility.

RESPONSE 6:

Group Health

Humana

Kaiser Permanente

INTERROGATORY 7:

Please identify all health care providers from whom or from which you have received treatment with respect to the harm or damages alleged in your complaint, including, but not limited to, physicians, psychiatrists, psychologists, nurses, therapists, counselors, hospitals, or other health care facility.

RESPONSE 7:

Humana

Kaiser Permanente

INTERROGATORY 8:

Please identify and state all of the facts which support your allegation of intentional discrimination based upon race, color, gender/sex, and age including the person or persons alleged to have discriminated against you on these bases.

RESPONSE 8:

Plaintiff believes that disparate treatment exemplifies the discrimination she has suffered based on primarily on her national origin, race, color and age.

The following individuals were discriminating officials:

Donna Brannon, Robert ,Middleton, Debbie Clark, Woody Hopper, Albert Camacho, Victor Trillings, BJ Thornberry, Phillip Haymond, Diane Murth, and Linda Richardson, among others.

INTERROGATORY 9:

Please identify each person from whom you requested a promotion from 1989 through 2005, and state whether or not any of these requests were in writing.

RESPONSE 9:

Plaintiff made verbal and written requests to Ms. Nancy Davis, Mr. Phillip Haymond, Mr. Camacho, Ms. Rogers, Mr. James McDivitt, Mr. Woody Hopper and Ms. Clark, among other management employees during various rotations/reassignments.

Some of these requests were in writing. *See* attachments in response to request for production of documents.

INTERROGATORY 10:

Please identify each and every person that you claim was similarly situated outside your protected class who received a promotion from 1989 through 2005.

RESPONSE 10:

Plaintiff does not know of every person that was similarly situated, outside of her protected class who received a promotion during that time period. Plaintiff will state that there were similarly situated employees outside of her protected class, i.e. African-american female, that were at higher graded levels during the relevant time period. Plaintiff wanted to be graded at the same level as those similarly situated employees that did the same job, i.e. all individuals working directly for a Director and working for an assistant secretary with the Department and Office of the Secretary.

INTERROGATORY 11:

Please identify each and every position for which you applied from 1989 through 2005, and if applicable, whether there was a vacancy announcement for the position(s).

RESPONSE 11:

In addition to verbally requesting promotion and accretion of duties, Plaintiff applied to numerous vacancy announcements, but cannot provide any further information related to this request.

INTERROGATORY 12:

Please identify where you have worked from 1989 through 2005, including the name of the office, your position and whether you were on detail at the time.

RESPONSE 12:

At all times, Plaintiff has worked at the Department of the Interior. *See* attachments in response to request for production of documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

*See* documents attached.

## REQUEST FOR ADMISSIONS

ADMISSION 1

Plaintiff admits.

ADMISSION 2

Plaintiff admits as stated above.

ADMISSION 3

Plaintiff admits that other employees were denied access to the Internet due to the litigation to which the admission referred, but denies this admission to the extent it applies to all other employees.

ADMISSION 4

Plaintiff admits that she was denied access to the Internet due to the litigation to which the admission referred.

ADMISSION 5

Plaintiff admits as stated above, but denies as stated above. *See* admission 3.

ADMISSION 6

Plaintiff admits.

ADMISSION 7

Plaintiff admits that other employees did not have a private office during this time period.

ADMISSION 8

Plaintiff admits that other employees did not have a key to their old office.

ADMISSION 9

Plaintiff admits she requested the detail to Mr. Middleton.

ADMISSION 10

Plaintiff denies to the extent that she believed, by and through Mr. Harry Coldough, that Mr. Middleton approved the partition wall.

ADMISSION 11

Plaintiff admits that she knew that she did not have the authority to approve a partition wall in the office space.

ADMISSION 12

Plaintiff admits that while working for Mr. Middleton, she knew there was an approval process for construction of a partition wall.

ADMISSION 13

Plaintiff admits.

ADMISSION 14

Plaintiff denies.

ADMISSION 15

Plaintiff denies this admission.  Plaintiff will state that she referred her daughter's resume to another employee, who indicated they were seeking a research assistant.

ADMISSION 16

Plaintiff denies this admission.

ADMISSION 17

Plaintiff denies this admission.  Plaintiff did disclose the relationship between herself and her daughter prior to drafting the position description.

ADMISSION 18

Plaintiff admits that there is a policy against nepotism, but denies that any policy is practiced indiscriminately, if at all.

ADMISSION 19

Plaintiff admits.

ADMISSION 20

Plaintiff admits.

ADMISSION 21

Plaintiff admits.

ADMISSION 22

Plaintiff admits.

ADMISSION 23

Plaintiff admits.

ADMISSION 24

Plaintiff admits.

ADMISSION 25

Plaintiff admits that the first document is genuine.

Plaintiff admits that the second document is genuine.

I, Margaret Brantley, have read the foregoing responses and hereby affirm under the penalties of perjury that the above statements are true and correct.

_5/11/07_
Date

_Margaret R. Brantley_
Margaret Brantley

Respectfully Submitted,

Ari Taragin, Esq.
Jason I. Weisbrot, Esq.
Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned herein certifies that on May 11, 2007, a copy of Plaintiffs

discovery responses was served upon Defendant via the method indicated

below:

Judith A. Kidwell                        ***SENT BY MAIL***
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530


                                         /s/
                                         Jason I. Weisbrot, Esq.
                                         Snider and Associates, LLC
                                         104 Church Lane, Suite 100
                                         Baltimore, Maryland 21208
                                         410-653-9060 Phone
                                         410-653-9061 Fax

                                         Attorney for Plaintiff