# EXHIBIT W
1993 EEOC Transcript

awt                                                                          195

TCB

U.S. DEPARTMENT OF THE INTERIOR

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

```
- - - - - - - - - - - - - - -x
MARGARET R. BRANTLEY,              :
          Complainant,            :
     v.                           :     EEOC Complaint No.
BRUCE BABBITT, SECRETARY,         :     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X
DEPARTMENT OF THE INTERIOR,       :     Agency Case No.
          Agency                  :     OS-91-009
- - - - - - - - - - - - - - -x
```

                              Friday, November 5, 1993
                              Philadelphia, Pennsylvania


     The conference call in the above-entitled matter

convened pursuant to notice at 4:03 p.m.


BEFORE:

          BRENDA B. COLLINS, Administrative Judge


APPEARANCES:

     On behalf of the Complainant:

          DR. SIMON BANKS, ESQ.

     On behalf of the Agency:

          ROBIN FRIEDMAN, ESQ.

awt                                                                    196

```
 1                    P R O C E E D I N G S

 2              JUDGE BRENDA COLLINS:  We will go on the record

 3    now.

 4              Ladies and gentlemen, we are reconvening this

 5    hearing at 4:03 p.m. on Friday, November 5th, 1993, in the

 6    matter of EEOC Complaint No. 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X, Margaret R.

 7    Brantley v. Department of the Interior, Agency Case No.OS-

 8    91-009.

 9              Pursuant to the Equal Employment Opportunity

10    Commission's approval of issuing findings of fact and

11    conclusions of law from the bench in federal sector

12    complaint hearings, I am hereby informing you that I have

13    determined that the instant complaint is appropriate for

14    such an issuance from the bench based on the following:

15              One, the complaint involves clearly defined

16    issues.  Two, the investigation contains all relevant

17    documents and statements, and any material defects have been

18    cured.  And three, the complaint involved the disparate

19    treatment theory of discrimination.

20              Therefore I will now proceed to render my

21    recommended decision in the instant complaint on the record.

22              Pursuant to section 1614.109 of the commission's
```

1   regulations, a hearing was conducted on November 2nd, 1993,

2   at the Department of Interior, Washington, D.C., on the

3   discrimination complaint filed by Margaret R. Brantley, an

4   administrative specialist, GS-11, at the Department of the

5   Interior, Office of Administrative Services.

6           She alleged that she was discriminated against

7   because of reprisal when she received a performance

8   appraisal of fully successful on July 5th, 1990, and when

9   she was not selected for one of two positions as audit

10  liaison specialist, GS-301-11/12 in February 1991.

11          The complainant was represented by Simon Banks.

12  The agency was represented by Robin Friedman.  Five

13  witnesses, including the complainant, testified at the

14  hearing.  Seven exhibits were introduced at the hearing.

15          The complete complaint file, hereinafter referred

16  to as IR, investigative report, is part of the record for me

17  to consider.

18          The following is a chronology of the procedural

19  events which led to this hearing.

20          One, EEO counseling sought by complainant July

21  30th, 1990, and March 15th, 1991.  Two, EEO counseling

22  concluded April 4th, 1991.  Three, formal complaint filed

awt

198

1  April 18th and 19th, 1991.  Four, complaint[5] investigated May

2  22nd through October 1st, 1991.

3          Five, proposed disposition issued March 3rd, 1992.

4  Six, hearing requested by complainant March 12, 1992.

5  Seven, services of administrative judge requested by agency

6  April 12th, 1992.

7          The circumstances surrounding the instant

8  complaint are as follows:

9          Margaret R. Brantley, hereinafter the complainant,

10  is presently employed by the Department of the Interior,

11  hereinafter the Agency, as an administrative specialist, GS-

12  11, in the branch of Visual Communications Services,

13  Division of Printing and Publications in the Office of

14  Administrative Services.

15  .          On July 5th, 1990, while an administrative

16  specialist, GS-11, in the agency's division of Information

17  and Library Services, the complainant was rated as fully

18  successful, level three, for her performance during the

19  period of July 1st, 1989 to June 30th, 1990, by the division

20  chief, supplemental IR Exhibit 8.

21          The complainant reviewed the appraisal on July

22  25th, 1990, and she refused to sign it because she felt the

awt                                                                          199

1    rating was too low.

2              As the result of an A-76 ~~review by the operations~~

3    ~~strike~~ review of the operations of the Division of

4    Information and Library Services, the agency decided to

5    contract out the function of operating the library as of

6    October 1st, 1990.

7              This meant that the agency library employees,

8    including the complainant, were without jobs.

9              The agency informed the library employees that it

10   was committed to the placement of the employees into

11   comparable positions for which they were qualified, Agency

12   Hearing Exhibit 7.

13             The personnel office also informed the library

14   employees that they would receive priority consideration for

15   vacancies in other branches.

16             In early December of 1990 the director of

17   Administrative Services forwarded to the complainant a copy

18   of vacancy announcement No. 90-80 (E), for two full-time

19   audit liaison specialist positions, GS-11/12, in the Office

20   of the Assistant Secretary, Policy Management and Budget

21   Ethics and Audit Liaison Staff, IR Exhibit 17.

22             The personnel specialist forwarded to the office

1   of the secretary a copy of the complainant's SF-171

2   application.

3          The complainant submitted two supervisory

4   appraisal forms.  Nineteen of the 21 applicants were deemed

5   eligible for the position.  The complainant was rated as

6   qualified for the positions by the rating panel; however,

7   only those applicants who were rated as "best qualified"

8   were referred to the selecting official.

9          The applicants who were not selected were informed

10  by letter dated March 8, 1991.  IR Exhibit 31.

11         The complainant filed an EEO complaint on April

12  18th, 1991 alleging that she was not afforded priority

13  consideration and not selected for one of two positions of

14  audit liaison specialist because of reprisal for prior EEO

15  activity, IR Exhibit 1.

16         The complainant filed another EEO complaint on

17  April 19th, 1991 alleging that she was discriminated against

18  because of reprisal for prior EEO activity when she was

19  rated as "fully successful" on her performance appraisal

20  dated July 5th, 1990, supplemental IR Exhibit 1.

21         The issues involved in the instant complaint are

22  as follows:

awt                                                                      201

1          One, whether the complainant was discriminated

2     against on the basis of reprisal for prior EEO activity when

3     she received a performance appraisal of "fully successful"

4     on July 5th, 1990.

5          Two, whether the complainant was discriminated

6     against on the basis of reprisal for prior EEO activity when

7     she was not selected for one of two audit liaison specialist

8     positions in February 1991.

9          In any proceeding, either judicial or

10    administrative, involving a charge of disparate treatment,

11    it is initially the burden of the complainant to establish a

12    prima facie case of discrimination.

13         This means that the complainant must present a

14    body of evidence which establishes that there is some

15    substance to the allegation such that were it not rebutted

16    the finder of fact could conclude that unlawful

17    discrimination did occur.

18         That inference of discrimination is raised only

19    because it is presumed that the acts, if otherwise unexplained,

20    are more likely than not based on the consideration of

21    impermissible factors.

22         McDonnell Douglas Corporation v. Green, 411 U.S.

awt                                                                                              202

1    792, 1973.    Furnco Construction Corporation v. Waters, 438

2    U.S. 567, 1978.

3              If the complainant successfully meets her burden

4    of establishing a prima facie case, then the agency has the

5    burden to articulate through introduction of admissible

6    evidence some legitimate nondiscriminatory reason for its

7    action.

8              If the agency does so, the complainant has the

9    burden to demonstrate by a preponderance of the evidence

10   that the reason so articulated is, in actuality, a pretext

11   for discrimination.    Texas Department of Community Affairs

12   v. Burdine, 450 U.S. 248, 1981.

13             The complainant always bears the ultimate burden

14   of persuasion and must convince the finder of fact that

15   unlawful discrimination did occur.    St. Mary's Honor Center

16   et al v. ~~TIX~~ Hicks (phonetic), 61 U.S.L.W. 4782, 62 F.E.P. cases

17   ~~(phonetic)~~ 96 (6/25/93).

18             The elements of a prima facie case respecting

19   reprisal are: one, the complainant engaged in prior

20   protected EEO activity.    Two, the agency was aware of the

21   protected activity.    Three, subsequently some adverse

22   employment action was taken against the complainant.    And

awt                                                                                    203

1   four, there is some causal nexus between the protected

2   activity and the adverse action, so that a reasonable

3   inference of retaliatory motive can be assumed.

4                    Hoffstadt v. Worcester Foundation for

5   Experimental Biology, Inc., 425 Federal Supplement, 318,

6   District Massachusetts, 1976, affirmed 545 Federal 2nd 222,

7   1st Circuit, 1976. Roman number one, performance appraisal.

8   A, prima facie case.

9                    I find that the complainant has established a

10  prima facie case of discrimination based on reprisal.  The

11  agency stipulates that the complainant engaged in prior

12  protected EEO activity and that agency officials were aware

13  of the protected activity.  Subsequently, some adverse

14  employment action was taken against the complainant when she

15  was rated as level three, fully successful, instead of level

16  four, highly successful, by the division chief on her

17  performance appraisal for the period of July 1st, 1989 to

18  June 30th, 1990.

19                    I find that the proximity between the

20  complainant's protected activity and her performance

21  appraisal is sufficiently close to infer retaliatory animus.

22  The burden now shifts to the agency to articulate legitimate

awt                                                                          204

1   nondiscriminatory reasons for its action.  B,

2   nondiscriminatory reason.

3         The division chief testified that he rated the

4   complainant as level three, fully successful, because the

5   complainant performed her duties in a manner that met the

6   standard spelled out in her performance plan.

7         The complainant met the performance elements of

8   five out of six elements including the three critical

9   elements.  The complainant did exceed one performance

10  element; however, it was a noncritical element.

11        The division chief further testified that the

12  complainant was not innovative in performing her duties.  Thus

13  the agency has articulated legitimate nondiscriminatory

14  reasons for its action.

15        The reasons were sufficiently clear and specific

16  to afford the complainant an opportunity to demonstrate

17  their pretextural nature.  C, pretext.

18        The evidence shows that on or about December 1st,

19  1989, the complainant and her then-EEO counselor, a program

20  analyst, met with the division chief to discuss the

21  complainant's previous EEO complaint on her appraisal for

22  July 1st, 1988 through June 30th, 1989.

awt

205

1    The complainant contends that the division chief

2  stated that he would rate her as level four, highly

3  successful, for the next appraisal period if she took on the

4  newly assigned recycling program and the supply inventory

5  project.

6    The complainant testified that she successfully

7  completed those tasks yet she received a level three rating.

8  The complainant argues that the division chief did not give

9  her the rating he promised in retaliation for her previously

10  filed EEO complaint.

11    The division chief testified that during the

12  December 1st, 1989 meeting, the program analyst/EEO

13  counselor questioned him as to the type of performance he

14  expected of the complainant in order for her to receive a

15  level four rating.

16    The division chief responded to her that two

17  examples were two projects recently assigned to him,

18  recycling and supply inventory.  He further told the EEO

19  counselor that anything an employee did to make his life

20  easier warranted a higher rating.

21    The division chief testified that those were

22  simply examples of tasks the complainant could perform to

1    attempt to raise her rating; however, he never promised that

2    she would receive a higher rating if she successfully

3    completed the projects.

4    .        The division chief further testified that while

5    the complainant performed the two projects in a satisfactory

6    manner, the projects were assignments considered part of her

7    normal duties and not special tasks.

8            Furthermore, the projects were completed in a

9    couple of weeks, but he rated the complainant on a year's

10   performance.

11           The program analyst/EEO counselor who was a

12   witness for the complainant testified that the division

13   chief gave them examples of how the complainant could

14   improve her performance, and she left the meeting with the

15   impression that the complainant and division chief would

16   continue to have an open dialogue about improving the

17   complainant's performance.

18           Finally, the division chief testified that the

19   fact that the complainant filed the earlier EEO complaint

20   did not have a positive or negative effect on the

21   complainant's performance appraisal.

22           She further testified that the earlier complaint

awt                                                                  207

1    was a factor in his mind only because he anticipated that

2    the complainant would file another EEO complaint on that

3    performance appraisal.

4           The complainant contends that the division chief

5    utilized subjective criteria in evaluating her performance.

6    To support her contention, the complainant points to the

7    statements of the division chief, that he viewed performance

8    deserving of a rating above a level three as that which is

9    innovative and makes his life easier.

10          While subjective criteria in evaluating job

11   performance is inherently suspect, the agency should

12   require, ~~quote,~~ "built-in safeguards," ~~end quote,~~ in the

13   appraisal system that assist in screening out discriminatory

14   evaluation.

15          These safeguards include, one, review of

16   evaluations by a supervisor other than the employee's

17   immediate supervisor.

18          Two, the opportunity for the evaluated employee to

19   review and comment on the appraisal.  And three, the use of

20   a grievance mechanism to challenge an appraisal which the

21   employee things is unfair.

22          See Alvarez v. Department of Air Force, 01850782,

awt

208

1  1509/A2 (1986).

2       In this instance, I find that the agency utilized

3  sufficient guidelines so that an inference of discrimination

4  cannot be drawn.

5       The complainant, division chief, and the reviewing

6  official, all signed the performance plan.  See supplemental

7  IR Exhibit 8.

8       In addition, the reviewing official reviewed and

9  signed the performance appraisal.  The complainant was

10  afforded an opportunity to review the appraisal, which she

11  did, and refused to sign.

12       Subsequently the complainant utilized the EEO

13  process to challenge the appraisal.

14       I further find that the complainant has not

15  proffered any evidence that rebuts the agency's reasons for

16  the division chief's rating of her performance, nor has she

17  shown that the rating was based on retaliatory animus.

18       The fact that the division chief was involved in

19  the previous EEO complaint is not indicative that his rating

20  was motivated by impermissible factors.

21       Furthermore, the evidence does not support the

22  contention of the complainant that she was promised a level

awt                                                                                        209

1    four rating if she undertook the two projects.

2              It must therefore be concluded that the

3    complainant was not discriminated against on the basis of

4    reprisal when she was rated as level three, fully

5    successful, on July 5th, 1990. ~~Roman numeral two,~~

6    ~~nonselection.~~    A prima facie case.

7              I find that the complainant has established a

8    prima facie case of discrimination based on reprisal with

9    regard to the nonselection.

10             The complainant engaged in prior protected EEO

11   activity of which the agency officials were aware.

12   Subsequently in early 1991, the complainant was not given

13   priority consideration nor was she selected for one of two

14   positions as audit liaison specialist, GS-301-11/12.

15             I find that the proximity between the

16   complainant's protected activity and the nonselection is

17   sufficiently close to infer retaliatory animus.    ~~By~~

18   nondiscriminatory reason.

19             The supervisory personnel specialist testified

20   that he and other personnel specialists explained to the

21   library employees that they would receive priority

22   consideration for noncompetitive placement into positions

awt                                                                                  210

1   for which they were qualified.

2            However, the library employees ~~would~~ *were* not promised

3   priority consideration and noncompetitive promotion.[5]

4            The supervisory personnel specialist further

5   testified that the library employees were also told that

6   they would be given an opportunity to update and submit to

7   personnel their SF-171 application.[5]

8            For noncompetitive placement, the personnel

9   specialist would send branch chiefs the SF-171 applications

10  of library employees who possibly met the qualifications for

11  vacancies the branch chiefs sought to fill.

12           If a library employee met the qualifications

13  sought by the branch chief, the branch chief would select

14  the employee.

15           Otherwise the branch chief would post the vacancy

16  announcement.  The supervisory personnel specialist

17  testified that the agency could ~~not--strike--could~~ transfer

18  an employee into a position noncompetitively only if the new

19  position was at the same grade level as the position held by

20  the employee and the promotion potential of the new position

21  and that of the position held by the employee were the same.

22  See section 335.7.B.9 of the administrative handbook of the

awt                                                                    211

1   Office of the Secretary, IR Exhibit 36.

2         Since the promotion potential of the audit liaison

3   specialist position was higher than that of the position

4   held by the complainant, the personnel office could not

5   submit her SF-171 for priority consideration.

6         The only way that the complainant could be

7   considered for the position was to apply competitively which

8   she did.

9         Thus the agency has articulated legitimate

10  nondiscriminatory reasons for its action.  The reasons were

11  sufficiently clear and specific to afford the complainant an

12  opportunity to demonstrate their pretextural nature.  ∅,

13  pretext.  The complainant contends that she was never told,

14  nor was she given an opportunity to update her SF-171 for

15  submission to personnel.

16        The complainant further contends that when she

17  informed the supervisory personnel specialist that her SF-

18  171 was outdated, he responded that he would handle it and

19  attach a note to her SF-171 indicating that she was a

20  displaced library employee.

21        The supervisory personnel specialist testified

22  that the complainant met with him to express her interest in

1   the audit liaison specialist position.

2           He further testified that he informed her that he

3   could not submit her SF-171 for priority consideration since

4   the promotion potential for the position she held

5   permanently for the last full year was not a GS-12 as was

6   the audit liaison specialist position.

7           He did, however, tell her he would submit her SF-

8   171 for competitive placement but did not promise her a

9   position.

10          Based on the evidence in the file and his demeanor

11  while testifying, I find that the supervisory personnel

12  specialist is credible and his testimony was

13  straightforward.

14          The complainant did not present any evidence to

15  support her contention that she was entitled to priority

16  consideration for the position.

17          Thus, I find that the complainant was not

18  discriminated against on the basis of reprisal when she was

19  not selected for the position of audit liaison specialist in

20  early 1991.

21          Accordingly, this administrative judge recommends

22  a finding of no discrimination.

awt                                                                 213

1          Let the record note that the findings and

2    conclusions herein are based not only on the evidence

3    presented by the complainant, but also on the evidence

4    presented by the agency, and on any evidence which may have

5    been requested by this administrative judge.

6          ~~The court reporter is to send all copies of the~~

7    ~~strike.~~  The court reporter is to send the original and all

8    copies of the hearing transcript to the administrative judge

9    who, upon receipt, shall make appropriate office copies of

10   that portion of the transcript containing the bench decision

11   and thereafter shall transmit to the parties copies of the

12   transcript and hearing exhibits.

13         The original and any remaining copies of the

14   transcript together with the complaint file will be

15   transmitted to the agency deciding officials for the final

16   agency decision.  Not~~ed~~ice.  Pursuant to section 1614.109,

17   subsection (g) of part 1614 of the commission's regulations,

18   the administrative judge's findings and conclusions shall

19   become the final decision of the agency if the agency has

20   not, within 60 days of receipt of the entire record,

21   including the hearing transcript, issued a final decision

22   rejecting or modifying the findings and conclusions.

awt                                                                            214

1          The agency shall notify the complainant of the

2     final decision in accordance with section 1614.110 and

3     notify her of her right to appeal to the commission and the

4     name and address of the agency official upon whom an appeal

5     should be served, notify her of her right to file a civil

6     action in federal district court and the name of the proper

7     defendant in any such lawsuit, and set forth the time limits

8     applicable to appeal and lawsuit.

9          A copy of the EEOC form 573, Notice of

10    Appeal/Petition, shall be attached to the final agency

11    decision.

12         The agency shall provide the administrative judge

13    a copy of its final decision on the complaint.  This hearing

14    and record are closed.  Thank you.

15         (Whereupon, at 4:34 p.m., the conference call was

16    concluded.)

215

C-E-R-T-I-F-I-C-A-T-E

    I, THOMAS C. BITSKO   , the Official Court Reporter

for Miller Reporting Company, Inc., hereby certify that I

recorded the foregoing proceedings; that the proceedings

have been reduced to typewriting by me, or under my direction

and that the foregoing transcript is a correct and accurate

record of the proceedings to the best of my knowledge,

ability and belief.


_____

THOMAS C. BITSKO