UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET R. BRANTLEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1137 (ESH) |
| DIRK KEMPTHORNE, Secretary<br>United States Department of the Interior, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS, OR
ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

Defendant Dirk Kempthorne, Secretary, United States Department of Interior, through the undersigned counsel, submits the following Reply to Plaintiff's Opposition and in further support of his motion to dismiss or alternatively, motion for summary judgment.

**Preliminary Statement**

Plaintiff's Opposition ("Plff. Opp."), is a mixture of half-truths and distorted facts and law, reciting conclusory allegations and speculations. She attempts to create genuine issues of material fact through generalized accusations and by referencing unsworn statements, her own contradicted allegations, and materials totally irrelevant to the nature of her claims. Further, Plaintiff's arguments that a failure to promote does not constitute a discrete act under Title VII is contrary to the prevailing legal precedent.

Plaintiff's arguments contending that there are genuine issues of material fact are without merit. She has failed to provide any evidence that would give rise to an inference of discrimination on the bases of race, nation origin, gender, or age. Moreover, her arguments that

ordinary business decisions were a pretext for discrimination lack merit.  The undisputed material and <u>admissible</u> facts demonstrate that she was neither discriminated nor retaliated against, and, therefore, this Court should grant Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment.

## I.  PLAINTIFF'S OPPOSITION DOES NOT COMPLY WITH LOCAL RULE 7(h) OR FED. R. CIV. P. 56

### A.    Local Rule 7(h)

Plaintiff has not filed a cross-motion for summary judgment in this case.  Her Statement of Material Facts in Dispute must, therefore, be limited solely to a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  Local Civ. R. 7(h).

Instead, Plaintiff has submitted a "Statement of Disputed and Undisputed Facts" and a "Statement of Additional Undisputed and Disputed Facts."  Given the fact that she has not moved for summary judgment, neither the Federal Rules of Civil Procedure nor the Local Rules permit this type of pleading.  Furthermore, some of Plaintiff's alleged "facts not in dispute" are without any reference to the record to support the statements.  *See* ¶¶ 36 and 37.[1]

---

[1] Plaintiff also uses this technique elsewhere in her Opposition, such as when she contends that she had prior EEO actions and then provides a footnote without any support, that states "[T]here have been at least three prior EEO complaints."  It is difficult to address the necessary issue of causal connection without any dates or other information concerning these alleged events.

**B.     Rule 56 of the Federal Rules of Civil Procedure**

Fed. R. Civ. P. 56 provides that:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2). "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). As discussed below, several of Plaintiff's statements and exhibits in support of her arguments do not comply with this rule. Plaintiff cannot create a genuine issue of material fact with the type of incompetent and inadmissible evidence.

**1. Exhibit One**

This exhibit consists of: (1) pages from a transcript of one of her depositions taken at the administrative level on August 25, 2005; (2) a document dated January 3, 2006, entitled "Complainant's Affidavit;" and (3) another document entitled "Affidavit." Both documents (2) and (3) are undated and unsigned. Document (1) contains speculative statements and allegations made by Plaintiff to the EEOC investigator, without any support, and both documents (2) and (3) contain unsupported accusations, hearsay, and conclusory and wholly speculative statements. They simply do not meet the requirements of Fed. R. Civ. P. 56(e)(1) of "being made on personal knowledge, set out facts that would be admissible in evidence, or show that the affiant is competent to testify on the matters stated."

**2. Exhibit Four**

This exhibit Four is an unsigned document in bold print which appears to be some type of time line of events. There is no indication of who prepared this document, or where or when it was created. What is more, it contains hearsay, and speculative and conclusory statements.

**3. Exhibit Eight**

This exhibit contains several pages of documents, the first being an *undated*, *unsigned* document entitled "Statement of the Status of African-American Employment at The Department of The Interior." It appears to contain testimony from an employee before some Committee. This testimony is, of course, made up of incompetent, inadmissible, and irrelevant evidence. The remainder of this exhibit contains graphics in the form of several pie charts, a bar graph, and two tables. The tables have "Equal Employment Opportunity Commission Report Fiscal year Ending 1995" at the bottom. One table indicates that it is for "1986-1995."

Setting aside the inadmissibility of these documents and the fact that they are never cited in Plaintiff's Opposition, this exhibit might suggest that Plaintiff had brought a disparate impact case, when instead, she has alleged disparate treatment. *See* Plff. Opp. at 32. In any event, these documents do not create a genuine issue of material fact.

**4. Exhibit Nine**

This exhibit consists of two pages. One of the pages appears to be from an application for federal employment, but it is *undated and unsigned*. This document is clearly irrelevant and inadmissible. The other page is entitled "Notice of Results" and indicates that it was issued March 20, 1990. It indicates "Date Eligibility Expires" as May 1991. This document is irrelevant to the majority of Plaintiff's claims and certainly does not support her argument that

she was entitled to receive a promotion from 1989 until 2005.

## II. PLAINTIFF CONCEDES THAT SHE IS ALLEGING CONTINUING VIOLATIONS

### A. Nonpromotion Claims

As suspected at the beginning of this case, Plaintiff now concedes that she is asserting a continuing violation theory to salvage claims regarding discrete acts, some of which occurred more than seventeen years ago. *See* Plaintiff's Opposition ("Plff. Opp.") at 25, 27. However, contending that the Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) is inapplicable to her nonpromotion claim, Plaintiff argues that:

> Plaintiff's claims are generally not allegations of non-selection for competitively posted positions, but rather repeated claims post-settlement that she was supposed to be promoted to the GS-12 administrative officer position in accordance with the work she performed compared to other administrative assistants in assistant secretary's offices.

*See* Pff. Opp. a 25. Setting aside the fact that, for the first time, Plaintiff appears to be arguing a breach of an agreement theory, it is difficult to reconcile Plaintiff's attempt to distinguish *National R.R. Passenger Corp. v. Morgan.*

The Supreme Court stated that "[D]iscrete acts such as termination, *failure to promote*, . . . are easy to identify." Each incident of discrimination and each adverse retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. at 114. (emphasis added). Thus, Plaintiff's efforts to save her untimely nonpromotion claim by describing it in these terms is without merit.

B.      **G Street Relocation, Work Facilities, and OS LAN Connection**

Here again, Plaintiff concedes that she is alleging a continuing violation. *See* Plff. Opp. at 27. However, she contends that she has not failed to exhaust her claim regarding the move to G Street, lack of working facilities, and OS LAN connection because, although she was moved in 2001, she was not relocated back to the Main Building until 2004, and thus, had to continue to walk the three blocks to the Main building for some days in 2004. Thus, under Plaintiff's reasoning "there was a discrete act within the 45-day window." *See* Plff. Opp. at 26, 27.

Plaintiff, however, misunderstands the nature of a discrete act. In this case, the discrete act was her relocation to another building in 2001, at which time she was given new working facilities, denied the Internet and OS LAN, and began walking three blocks to the Main building. Thus, it was 45 days from the date of relocation in 2001, that starts the clock running on Plaintiff's obligation to initiate EEO counseling concerning these events. It is not a new discrete act everytime that Plaintiff walks three blocks or each day that she was denied the Internet or OS LAN. Instead, these were the effects of the discrete acts of relocating Plaintiff in 2001. *See Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, __ U.S. __, 127 S. Ct. 2162, 2168 (discussing the time at which a discrete act occurs for Title VII claims) (citations omitted). To suggest otherwise, would mean that an employee could bring a claim 10 years after she was relocated based on the theory that each day she was in the new location began a new time period running for Title VII claims.

## III.  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

### A.  Similarly Situated Employees

Plaintiff boldly asserts that "[T]here is no argument that Ms. Berwald, Ms. Winston, and Mr. Cravatt were similarly situated in 2004."  Plff. Opp. at 36.  Yet, Plaintiff testified under oath at her deposition that they were not similarly situated.  *See* Defendant's Statement of Material Facts As To Which There Is Not Issue ("DSMF") ¶ 37, Def. Exh. A (Brantley Dep.) 89:12-25, 90:1.  She cannot now create a genuine issue of fact by contradicting her own sworn testimony.  Furthermore, given that both Ms. Berwald and Ms. Winston are African-American females, her suggestion that their promotions raise an inference of discrimination is without merit.

### B.  Pre-selection

Plaintiff argues that "pre-selection operates to discredit the Defendant's explanation for its decision."  *See* Plff. Opp. at 28.  Of course, Plaintiff fails to state the decision to which she refers.  Moreover, this contention is ironical in light of Plaintiff's argument that she would have gotten the position that had been advertised in 2005, if the vacancy announcement had not been cancelled.[2]

### C.  Plaintiff has Failed To Meet Her Burden

The record in this case not only shows the frivolous nature of some of Plaintiff's claims, but, more importantly, demonstrates the contradictory versions of facts that she has given at

---

[2] Plaintiff's argument clearly indicates that she believed that she had been pre-selected for this position.  She contends that "[D]efendant cancelled the vacancy announcement with knowledge that it was posted for the purposes of having Plaintiff promoted."  Plff. Opp. at 37.  Yet, Mr. Christiansen testified that he had never promised Plaintiff a promotion.  *See* Defendant's Statement of Material Facts, ¶ 51, Def. Exh. M.  Notably, Plaintiff has not alleged that Mr. Christiansen discriminated or retaliated against her.

different times to support her arguments.  It is unfortunate that Plaintiff uses allegations of discrimination to deflect her own wrong doing.  Although she now disputes this fact, Plaintiff has admitted that she requested the detail to Mr. Middleton.  *See* Defendant's Statement of Material Facts, ¶ 55, Def. Exh. N, Admission ¶ 9, and Defendant's Exhibit AA.[3]  She has also admitted that she knew that she did not have the authority to approve a partition wall in the office space and that there was an approval process for construction of a partition wall.  *See* Def. Exhs. N and AA, Admission ¶¶ 11, 12; Def. Exh. A (Brantley Dep.) At 81:22-25, 82:3-5.  Yet, despite this evidence, she claims that Mr. Middleton discriminated against her when he learned that she had authorized the building of a wall without his approval.[4]

Plaintiff argues that Defendant has not explained why she has not been given a promotion after this type of incident.  Given the record in this case and her statements concerning this matter, such explanation would more than likely fall on deaf ears.

Plaintiff has failed to show that there is a genuine issue of material fact in dispute.  She simply cannot create disputed facts by contradicting her own statements.  Accordingly, her claims should be dismissed, or in the alternative, Defendant should be granted summary judgment.

---

[3] Defendant's Exhibit AA (a copy of Defendant's First Set of Discovery Requests To Plaintiff) is being filed herewith because Plaintiff failed to repeat the request when answering Defendant's Requests for Admissions.  Thus, Def. Exh. N, which was filed with Defendant's motion only shows her answers.

[4] Not surprisingly, she now contends that her claims of discrimination "are primarily based on Mr. Middleton's unreasonable demands to have Plaintiff detailed to another office based on trust issues."  *See* Plff. Opp. at 39.  In fact, the record is clear that she was on detail to his office and he wanted her detail to end after the partition wall incident.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that his motion to dismiss or alternatively, motion for summary judgement be granted.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Alexander Shoaibi
ALEXANDER SHOAIBI
Assistant United States Attorney
555 4th Street, N.W., Room 4218E
Washington, D.C. 20530
(202) 514-7236

   /s/ Judith A. Kidwell
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room 4905E
Washington, D.C. 20530
(202) 514-7250
Judith.A.Kidwell@usdoj.gov