UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARGARET R. BRANTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1137 (ESH) |
| ) | |
| DIRK KEMPTHORNE, Secretary ) | |
| United States Department of the Interior, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF

Defendant Dirk Kempthorne, Secretary, United States Department of the Interior ("Department of Interior"), by and through his undersigned attorneys, hereby submits the following interrogatories and requests for production of documents to Plaintiff pursuant to the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

The following instructions and definitions shall apply herein:

(a)   "Person" means any individual, partnership, firm, association, corporation or other government, legal or business entity.

(b)   "Document" includes any written, recorded or graphic matter, however produced or reproduced, of every kind and regardless of where located including, but not limited to, any check, book manuscript, summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, desk or pocket calendar or notebook, daybook appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, index, tape, record, partial or complete report of telephone or oral conversation, compilation, tabulation,

study, analysis, transcript, minutes, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession or in the actual or constructive possession, custody or control of any of your employees, servants, or agents or of your attorneys, or whose past or present existence is known. The term "document" or "documents" shall also include the files in which said documents are maintained.

   (c)   "You" or "your" means the answering Plaintiff and, as appropriate, all agents, employees or other persons acting on behalf of the answering complaint. Each interrogatory must be answered individually.

   (d)   "Plaintiff," as used herein, means you, Margaret R. Brantley.

   (e)   (1) "Identify", when used in reference to an individual, means to state the person's full name, his or her last known home and business address, his home and business address, his or her last known business affiliation, employer and position therewith, and the latest date on which you knew the foregoing information to be true. If the person has ever been employed by you or has participated in any way in your business, state the nature and time periods of such employment or participation.

   (2) "Identify", when used with reference to a business firm, partnership, joint venture, company or corporation means to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products.

   (f)   In each case where you are asked to identify or to state the identity of a document or where the answer to an interrogatory refers to a document, state with respect to each such

document, including documents for which you assert a claim of privilege or work product:

 (1) The date of the document;

 (2) The identity of the person who signed it, or over whose name it was issued;

 (3) The addressee or addressees;

 (4) The nature and substance of the document with sufficient particularity to enable the same to be identified; and

 (5) The identity and address of each person who has custody of the document or a copy thereof.

(g) In each case where you are required to identify an oral communication, or where the answer to an interrogatory refers to an oral communication or statement, state with respect thereto:

 (1) The date and place thereof;

 (2) The identity of each person who participated in or heard any part of the conversation;

 (3) If the communication was by telephone, so indicate and state who initiated the telephone call;

 (4) The substance of what was said by each person who participated in the conversation; and

 (5) The identity and address of the custodian of any writing or of any mechanical, electrical or electronic recording that recorded, summarized, reported or confirmed the oral communication.

(h)    If you cannot answer a particular interrogatory in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

## I. **INTERROGATORIES**

INTERROGATORY 1. Please identify every person you believe has knowledge or information relevant to the claims asserted in this lawsuit. For each person, please describe the nature of the person's knowledge or information.

INTERROGATORY 2. Identify and describe in detail all communications, including, but not limited to, memoranda, correspondence, and e-mails, between Plaintiff and any other Department of Interior employees regarding the claims asserted in this lawsuit.

INTERROGATORY 3. Please state whether you have ever been a party in a lawsuit other than this one. If so, please provide the date of filing of each such lawsuit, case caption, the case number, the name of the court in which it was filed, a description of the allegations made in the lawsuit, and the result of the lawsuit.

INTERROGATORY 4. Please state all of the facts upon which you base your allegation or which supports your allegation that Ms. Hampton informed Mr. Middleton about your "prior EEO activity", including the date and circumstances surrounding the alleged disclosure.

INTERROGATORY 5. Please identify the "prior EEO activity" which plaintiff alleges in her complaint.

INTERROGATORY 6. Please identify each health care provider from whom or from which you have received treatment, physical or mental care, counseling, consultation, or diagnosis for the

past seventeen (17) years, including, but not limited to, physicians, psychiatrists, psychologists, nurses, therapists, counselors, hospitals, or other health care facility.

INTERROGATORY 7. Please identify all health care providers from whom or from which you have received treatment with respect to the harm or damages alleged in your Complaint, including, but not limited to, physicians, psychiatrists, psychologists, nurses, therapists, counselors, hospitals, or other health care facility.

INTERROGATORY 8. Please identify and state all of the facts which support your allegation of intentional discrimination based upon race, color, gender/sex, and age including the person or persons alleged to have discriminated against you on these bases.

INTERROGATORY 9. Please identify each person from whom you requested a promotion from 1989 through 2005, and state whether or not any of these requests were in writing.

INTERROGATORY 10. Please identify each and every person that you claim was similarly situated outside your protected class who received a promotion from 1989 through 2005.

INTERROGATORY 11. Please identify each and every position for which you applied from 1989 through 2005, and if applicable, whether there was a vacancy announcement for the position(s).

INTERROGATORY 12. Please identify where you have worked from 1989 through 2005, including the name of the office, your position and whether you were on detail at the time.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST 1. Please produce copies of all medical records or other documents describing, relating to, supporting, or contradicting, your claim for damages in this action.

REQUEST 2. Please produce each and every record or document which evidence any and all

other damages claimed by you.

REQUEST 3. Please produce each and every document that substantiates the allegations contained in the Complaint and indicate the paragraph in the Complaint to which the document or documents relate.

REQUEST 4. Please produce copies of all personal notes, diaries, files, tape recordings, videos, memoranda, or e-mails, not otherwise privileged, generated by you in regard to the allegations in your Complaint.

REQUEST 5. Please produce a copy of the settlement agreement referred to in paragraph 14 of your Complaint.

REQUEST 6. Please produce any documents reviewed or used in answering Defendant's Discovery Requests.

### III. REQUESTS FOR ADMISSIONS

ADMISSION 1. A number of Department of Interior employees, including supervisors, were relocated from the Department's main building to offices at the G Street Building during the relevant time period.

ADMISSION 2. Plaintiff was not the only Department of interior employee relocated from the Department's main building to the G Street Building during the relevant time period.

ADMISSION 3. Other Department of Interior employees were denied access to the Internet because of litigation in federal court during the relevant time period.

ADMISSION 4. Plaintiff was denied access to the Internet because of litigation in federal court during the relevant time period.

ADMISSION 5. Plaintiff was not the only Department of Interior employee denied access to the

Internet during the relevant time period.

ADMISSION 6. Plaintiff was not the only Department of Interior employee who had to walk from the G Street Building to the Department's main building to perform some of her duties during the relevant time period.

ADMISSION 7. Plaintiff was not the only Department of Interior employee who did not have a private office during the relevant time period.

ADMISSION 8. Plaintiff was not the only Department of Interior employee who did not have a key to her old office during the relevant time period.

ADMISSION 9. Plaintiff sought/requested the detail with Mr. Middleton.

ADMISSION 10. Plaintiff did not have Mr. Middleton's approval to construct a partition wall in plaintiff's office space.

ADMISSION 11. Plaintiff knew that she did not have the authority to approve the construction of a partition wall in her office space.

ADMISSION 12. While working for Mr. Middleton, Plaintiff knew that there was an approval process for construction of a partition wall.

ADMISSION 13. Plaintiff was not the only Department of Interior employee given new or different duties after the reorganization of components of the Department of Interior.

ADMISSION 14. Plaintiff has had disputes with other Department of Interior employees who were not her supervisors.

ADMISSION 15. Plaintiff attempted to assist her daughter in getting hired at the Department of Interior.

ADMISSION 16. Plaintiff offered to draft a position description for the position for which her

daughter was being considered in order to have her daughter hired at a higher grade.

ADMISSION 17. Plaintiff drafted the position description referenced above without disclosing the relationship between plaintiff and her daughter.

ADMISSION 18. The Department of Interior has a policy against nepotism.

ADMISSION 19. Plaintiff did not first raise the claims set forth in her February 23, 2005 Amendment ("February 23rd Amendment") with an EEO counselor prior to filing a complaint with the U.S. Equal Employment Opportunity Commission ("Commission").

ADMISSION 20. Plaintiff did not first raise the claims set forth in her April 27, 2005 Amendment ("April 27th Amendment") with an EEO counselor prior to filing a complaint with the Commission.

ADMISSION 21. The claims raised in plaintiff's February 23rd Amendment are based on acts occurring between November 1, 2004 and February 11, 2005.

ADMISSION 22. The Department of Interior raised the issues of failure to exhaust and untimeliness of the claims in plaintiff's February 23rd and April 27th Amendments to the Commission and sought to have the Commission dismiss the claims contained in the February 23rd and April 27th Amendments.

ADMISSION 23. The claims in plaintiff's February 23rd Amendment concern allegations of actions which occurred while plaintiff was detailed to the Office of Budget Management between November 2004 and January 2005.

ADMISSION 24. The claims in plaintiff's February 23rd Amendment concern allegations that plaintiff was discriminated against when: (1) the Director of Budget Management asked plaintiff who did the time cards and how she obtained her position; (2) plaintiff applied for a position, but

the vacancy announcement for the position was cancelled; (3) plaintiff was required to share an office with another employee; (4) plaintiff was not allowed to keep the key to her previous office after she was relocated; and (5) plaintiff did not receive promotions because her supervisor did not know what she did and did not provide plaintiff with the information necessary to perform her job.

ADMISSION 25. The documents attached to this Request for Admissions are genuine.

Respectfully submitted,

/s/ JEFFREY A. TAYLOR
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ RUDOLPH CONTRERAS
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ JUDITH A. KIDWELL
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that service of the foregoing Defendant's First Set of Discovery

Requests to Plaintiff has been made by delivering a copy in open-court, on March 2, 2007, to:

Jason I. Weisbrot, Esq.
Ari Snider, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21209

---
JUDITH A. KIDWELL
ASSISTANT UNITED STATES ATTORNEY

| Form DI-1892 REV. 3/98 | U. S. Department of the Interior Complaint of Discrimination |
|---|---|

Complainant's Name: Margaret R Brantley  Place of Employment: DOI
Street Address: 2601 Holly Dr  Address: 1849 C St NW, MS 1800 G
City, State, Zip Code: Ft Wash Md 20744  City, State, Zip Code: Wash DC 20240
Home Phone: 301-265-5327  Work Phone: 202-343-2504

2. DOI Office which you believe discriminated against you?
Bureau: Office of the Secretary / OS/IA   Division/Office: Department of the Interior
Address: 1849 C St NW   Region: ___
City/State: Wash DC

3. Basis(es) for believing you were discriminated against? (Check one or more, and provide the specific Information.)

X Race  African American        X Age (Date of Birth) 55
X Color  dark                   ___ Physical Handicap
___ Region                      ___ Mental Handicap
X Sex  female                   X Reprisal
___ National Origin             (Date of previous EEO activity) ___

4. Allegation(s) of discrimination? (For each allegation, state the date and the specific incident causing you to believe that you have been discriminated against. FOR EXAMPLE: I was discriminated against on January 1, 1992, when I was not selected for the position of Analyst. (Use additional pages as necessary.)

see attachments

5. Have you discussed your complaint with an EEO Counselor? Yes X  No ___ (If yes, name of Counselor): Jenaie Harrell    Date you first contacted the Counselor: 4/1/03

6. Are you agreeabel to using the Alternative Dispute Resolution (ADR) process? Yes ___  No X

7. Have you presented these allegations to any other forum? If so, please indicate:
___ Negotiated Grievance Procedure  ___ Merit Systems Protection Board  ___ Court (Civil Action)

8. List the remedies which you believe will resolve your complaint: (Use additional pages, as necessary.)
Attorney fees, back pay, [crossed out], promotion to GS-14, office space (private), connected to OS lan and lotus notes to recieve e-mail and budget information and placed in main Interior Building and have Donna removed from working with [illegible], compensatory damages

Exhibit A1
Page 1 of 5



**Margaret Brantley**
03/30/2000 01:27 PM

To: James McDivitt/DC/BIA/DOI@BIA
cc: Donna Brannon/MMS/DOI@MMS

Subject: PD

Donna said she should make sure the pd is classified correctly first. She would then do an audit after the classification of my position is sound and she will assist us. Thanks

78

Exhibit F1
Page 13 of 16

From:   James McDivitt@BIA on 03/30/2000 02:37 PM
To:     Margaret Brantley/IAE/OS/DOI@DOI
cc:

Subject: Re: PD



Hold on. Yes, Donna will help with reviewing and classifying the PD, but I don't think we want an audit of your current position when a new position will be established. The new position also won't be in the AS-IA Immediate Office, but rather in DAS-PMB and serve the Immediate Office. When Donna finishes with the establishment of the DAS and Director positions so actings can be named, we will work on the Adm. position under the DAS.
Margaret Brantley@DOI

**Margaret Brantley@DOI**
03/30/00 02:11 PM

To: James McDivitt/DC/BIA/DOI@BIA
cc:
Subject: PD

Shall we talk with Donna regarding the best way to handle this together? I just thought of a better way and that is an "accretion of duties" GS-12/13. What do you think?